M. R. PITTS et al., Appellants, v. JAMES J. PITTS et al., Respondents.

Division One, February 22, 1907.

1. EJECTMENT: Equitable Defenses: Equity Suit. Where the answers in ejectment set forth equitable matter as a defense and pray affirmative equitable relief, the case does not remain one at law, but becomes a suit in equity.

2. ———: ———: ———: Incorporating Findings in Judgment: No Bill of Exceptions: Review. Equity suits are to be heard *de novo* on appeal, and the evidence must be brought up, or

nothing but the record proper will be reviewed. A judgment into which has been incorporated the chancellor's finding of facts, is not a sufficient presentation of the case on appeal in a suit in equity. The appellate court will not be content with a determination of the probative force of the facts found by the chancellor. Those chancellor's findings of facts are simply advisory; it is for the appellate court, in an equity case, to find the facts, for itself, from the evidence.

Appeal from Hickory Circuit Court.—*Hon. Argus Cox,* Judge.

AFFIRMED.

*Rechow & Pufahl* for appellant.

(1) Under the finding of facts and the ruling of this court in the case of Wheelock v. Overshiner, 110 Mo. 100, the judgment should have been for the plaintiffs. (2) When the finding of facts is incorporated in the judgment, then they become a part of the judgment, and if the conclusion of law is not warranted by the facts thus found, this court will reverse and enter up the proper judgment, or reverse the case. Blount v. Spratt, 113 Mo. 48; Land Co. v. Bretz, 125 Mo. 422; Fitzpatrick v. Weber, 168 Mo. 572; Shaffer v. Detie, 191 Mo. 388; Leavitt v. Taylor, 163 Mo. 170; Hill v. Combs, 92 Mo. App. 261.

*J. H. Childers* for respondents.

As stated by appellants' counsel, this was an ordinary action of ejectment filed in the Hickory Circuit Court and respondents filed therein an equitable answer. The case was tried at length in the Hickory Circuit Court, and that evidence is not preserved in the record of the case so far as shown by appellants' brief. It seems from said brief that the only thing relied on to reverse this case is the contention of counsel for appellants that the case of Wheelock v. Overshiner, 110

Mo. 100, was an adjudication of this case also. The court below found for respondents and at the suggestion of appellants made a finding of facts, and this court will not go into the matter of evidence upon such finding, no complaint being made in respondents' brief except upon the one point that judgment should have been rendered for respondents under and by virtue of the case of Wheelock v. Overshiner. In said case of Wheelock v. Overshiner the respondents herein were not parties to the action, nor represented in any way in said suit, and the parties in the two suits are entirely different; therefore, the case is not *res judicata.* 145 Mo. 551.

LAMM, J.—Plaintiffs sued Jas. J. Pitts in ejectment for the southwest one-fourth of the southeast one-fourth of section 1, township 35, range 22, in Hickory county, Missouri, laying their ouster as of the 2nd day of May, 1902. As Elenor Britton filed a separate answer, we assume that by mediate steps she was made a party defendant. The answers of Pitts and Mrs. Britton set forth equitable matter as a defense, and prayed affirmative equitable relief. A finding of facts was requested by plaintiffs, was made by the trial court, and incorporated into the decree. On that finding of facts, the decree went for defendants, and plaintiffs appeal here on the record proper — in this case, petition, answers, replication and decree.

I. At the threshold we are met with the question: Did this case on these answers remain at law, or did it become a case in equity? Whatever may have been the ancient practice whereby there was a gulf fixed between equity and law, so that a case brought as a law suit could not be changed and pass over into an equity suit, yet, under our code, it is no longer so. A defendant may now plead his equitable defenses when sued at law. Under somewhat deceptive catchwords, section

605, Revised Statutes 1899, provides as follows: ". . . The defendant may set forth by answer as many defenses and counterclaims as he may have, whether they be such as have been heretofore denominated legal or equitable, or both. . . ." In establishing a working theory for the administration of this statutory rule, it has been determined that a mere equitable defense, without more, leaves the case one at law to be tried by a jury; but if the answer go further and pleads facts entitling defendant to affirmative equitable relief, and such relief be asked, then the case goes over to the chancery side of the court to be heard by the chancellor as an equity suit. [Carter v. Prior, 78 Mo. 222; Kerstner v. Vorweg, 130 Mo. 196; O'Day v. Conn, 131 Mo. 321; Swon v. Stevens, 143 Mo. 384; Martin v. Turnbaugh, 153 Mo. 172; Shaffer v. Detie, 191 Mo. l. c. 388; Bouton v. Pippin, 192 Mo. l. c. 473; Cobe v. Lovan, 193 Mo. l. c. 252.]

II. Plaintiffs' learned counsel argue that on the facts found by the chancellor the decree was for the wrong party — in other words, the judgment on its very face is a *non sequitur*. It may be conceded there are *dicta* in some of our decisions lending countenance to the view that we will review a judgment in equity which incorporates into itself a finding of facts and reverse or affirm such judgment in accordance with our notions of the probative force of the facts found. But such precedents, if precedents they be, must no longer be followed. Our later decisions thoroughly review the cases and furthermore consider the matter on its philosophies and from the standpoint of the very right and justice of the thing, and hold that in an equity suit it is incumbent upon a litigant seeking relief from us to bring here the evidence, so that our conscience may be bound and we may seek equity and do it in the light of the testimony itself. [Guinan v. Donnell, 201 Mo. 173;

Patterson v. Patterson, 200 Mo. 335; State *ex rel.* v. Jarrott, 183 Mo. 204; see, also, Rule 7 of this court.]

Equity suits are to be heard *de novo* on appeal. The eye of a chancellor must search the very marrow of the thing; and, in order to discern what is due the litigant, that eye must not be baffled by the screen of a mere finding of facts below — the question still remaining, were the facts as found the real facts or not? [Fitzpatrick v. Weber, 168 Mo. 562; Shaffer v. Detie, *supra*; Bouton v. Pippin, *supra*.] If the chancellor had called to his aid a jury and submitted to that jury issues of fact the jury's finding would have been merely advisory and not binding on the chancellor. [Bouton v. Pippin, 192 Mo. l. c. 474.] By analogy, the chancellor's findings, *nisi*, are looked on as somewhat advisory and not binding here.

There being no bill of exceptions in this case, and, therefore, no evidence preserved and brought here, and the record proper being unchallenged except in the one particular that the decree is not supported by the finding of facts, there is nothing for us to do but to affirm the judgment. It is so ordered.

All concur.