BONET CONSTRUCTION COMPANY, Appellant, v. CENTRAL AMUSEMENT COMPANY, Defendant, EDWARD WESTEN AND WILLIAM L. KLINE, Respondents.

St. Louis Court of Appeals, Submitted on Briefs October 4, 1910. Opinion Filed November 29, 1910.

1. APPELLATE PRACTICE: Abstracts: Compliance with Rules: Waiver. The court may, if it sees proper, not only waive non-compliance with Rule 33, which requires respondent, if he desires to question the sufficiency of appellant's abstract, to file his objections thereto in writing in the office of the clerk, within ten days after a copy of the abstract has been served upon him, but the court may, of its own motion, notice and take up any defect in the abstract which is material to the proper disposition of the cause, and may even disregard the entire abstract, if it utterly fails to comply with the statutes or established practice of this court and the Supreme Court.

2. ———: ———: Defective Abstract. Where it is impossible to determine from an inspection of the abstract what are matters of record proper and what are matters of exception, the court may, in its discretion, dismiss the appeal or affirm the judgment.

3. CORPORATIONS: Stockholder's Liability: Motion for Execution: Statute. A proceeding by motion for execution against a stockholder of a corporation, under section 3004, Revised Statutes 1909, is a summary proceeding and a statutory substitute for a bill in equity; the statute contemplating a hearing and determination of the motion by the court without a jury, as in a suit in equity, and the cause on appeal being subject to review in the same manner as cases in equity.

4. APPELLATE PRACTICE: Presumption that Judgment is Correct: Burden on Appellant to Overthrow. The court, on appeal, will presume that a judgment for defendant is correct as to all the issues, and it devolves on plaintiff appealing therefrom to show that it is not correct.

5. ———: **Equity Case: Findings Not Conclusive.** The court, on appeal in an equity case, is not bound by the findings of the chancellor either as to ultimate facts or conclusions of law, though it will defer in a great measure to his findings and judgment.

6. ———: **Abstract: Must Embody all the Evidence.** In a proceeding by motion for execution against a stockholder of a corporation, under section 3004, Revised Statutes 1909, while, on appeal, it is not necessary, under Rule 9, requiring the embodying in the bill of exceptions of all the evidence in equity cases, to set out in the abstract the questions and answers, it is necessary that the abstract contain substantially all of the evidence offered and produced in the trial court, and an abstract in such a case which merely presents an imperfect synopsis of or detached questions from the evidence is insufficient to permit the appellate court to review the sufficiency of the evidence to sustain the findings.

7. **CORPORATIONS: Stockholder's Liability: Motion for Execution: Estoppel.** In a proceeding by motion for execution against a stockholder of a corporation, under section 3004, Revised Statutes 1909, where the evidence tended to show that a concession taken as part payment of the capital stock was not over-valued, and that the creditor, at the time he entered into the contract with the corporation, had knowledge of its financial condition and of the manner in which its stock had been sold, paid for and issued, he was estopped from asserting any liability against stockholders on account of any unpaid part of their subscription.

8. ———: ———: ———: **Fully Paid Stock.** A creditor of a corporation may not enforce liability against a stockholder who purchased in the open market stock represented on its face to be fully paid without any knowledge on his part of any facts which would put him on inquiry that the representation was not true.

Appeal from St. Louis City Circuit Court.—*Hon. Moses N. Sale,* Judge.

AFFIRMED.

*H. Choutcau Dyer* for appellant.

(1)   The failure on the part of the defendants to sign the subscription paper for the increase of the capital stock of the Central Amusement Co. will not pre-

clude their being considered subscribers. Shickle v. Watts, 94 Mo. 419; Hotel Co. v. Wright, 73 Mo. App. 240; Pittsburgh v. Spooner, 74 Wis. 307; Bank v. Talbott, 131 Col. 45; Bank v. Adams, 72 S. W. (Ky.) 1125; Bates v. Tel. Co., 134 Ill. 536. (2) The purchase of stock direct from the company will constitute the purchasers liable for unpaid balances. Shickle v. Watts, 94 Mo. 419; Webster v. Upton, 91 U. S. 65; Chouteau v. Dean, 7 Mo. App. 215; Morawitz Corp (2 Ed.), sec. 69. (3) The stock owned by the defendants was not paid in full. Van Cleave v. Berkey, 143 Mo. 133; Camden v. Stewart, 144 U. S. 104. The statement on the face of the certificate that it was full paid is not conclusive against a creditor. Wight Co. v. Steinkemeyer, 6 Mo. App. 575. (4) Knowledge of the manner and amount of payment on capital stock by one seeking to enforce payment of balances due must be complete in order to avail as a defense. Berry v. Rood, 168 Mo. 316; Lea v. Iron Co., 119 Ala. 271. (5) The defendant stockholders are liable for the unpaid balances on their stock. Rumsey Mfg. Co. v. Kaime, 173 Mo. 550.

*Marion C. Early* for respondents.

(1) If the whole of the evidence is not brought up on appeal the judgment is presumed to be correct as to all issues in the case, and it devolves upon appellant to show that it is not correct. Guinan v. Donnell, 201 Mo. 173; Pitts v. Pitts, 201 Mo. 356; Hubbard v. Slavens, 218 Mo. 598; Haggard v. Walker, 132 Mo. App. 463; Harrison v. Pounds, 190 Mo. 249. (2) When no declarations of law are asked it will be presumed that on whatever issue there was a conflict of evidence, the finding of fact was in favor of the party who prevailed and every reasonable intendment or inference to be drawn from the evidence in support of the trial court must be adopted. Home Building Co. v. Grocery Co., 82 Mo. App. 245; Barbee v. Crawford, 132 Mo. App. 1;

Baxter v. Hermann, 134 Mo. App. 260; Bond & Stock Co. v. Hauck, 213 Mo. 416. (3) When the court refuses a declaration of law that the plaintiff is not entitled to recover, but finds for defendant, this ruling indicates that the court believed a prima facie case had been made, but drew from the evidence some inference of fact against the prima facie case, and on such inference determined the issues in favor of the defendant. International Text Book Co. v. Yount, 129 Mo. App. 247. (4) The property transferred to the Central Amusement Company in part payment of its capital stock was shown by the evidence to have been taken by the Central Amusement Company at its reasonable and fair cash valuation, and at a less value than that placed upon it by the officers of the appellant. There being substantial evidence to support the finding it is conclusive. Vogeler v. Punch, 205 Mo. 558; Berry v. Rood, 168 Mo. 316. (5) When persons extend credit to a corporation, and having been closely identified with the transaction and knowing the stock was not full paid, they are estopped to assert any liability on such unpaid subscriptions. Meyer v. Ruby Trust M. & M. Co., 192 Mo. 162; Blake v. Meadows, 225 Mo. 30. (6) A person who buys stock on the open market represented upon its face to be full paid and non-assessable, without knowledge that it has not been fully paid as required by law is not liable for any unpaid part thereof. Euston v. Edgar, 207 Mo. 287.

REYNOLDS, P. J.—The plaintiff in this case, appellant here, about the 22d of August, 1903, entered into a contract with the Central Amusement Company to erect certain buildings and improvements on a concession connected with the Louisiana Purchase Exposition, which concession had been granted to the Central Amusement Company by the Exposition Company. In November, 1904, plaintiff commenced action against the Central Amusement Company to recover a balance

claimed to be due on account of the making of these improvements under the contract, and in December, 1907, recovered a judgment against the Central Amusement Company for $3562.70 and costs. Execution issuing on this judgment in the April term, 1908, of the circuit court, returnable to the June term thereof of that year, was at that term returned *nulla bona*, whereupon plaintiff filed a motion for execution against Edward Westen and William L. Kline, hereafter referred to as the defendants, claiming that they were stockholders in the Central Amusement Company on the 1st of June, 1908, each being the owner of about three hundred shares of the capital stock of the Central Amusement Company, of the par value of one hundred dollars a share and "that about forty per centum of the par value of said stock remains unpaid." Written notice of the intention to file the motion was duly given. Defendants answered separately but the defenses set up in their answers are practically identical. After a general denial of the matters except as thereinafter specially admitted, the answers admit that each of the defendants became owners and holders of certain shares of stock in the Central Amusement Company, which stock, it is averred, they purchased or agreed to purchase in the summer of 1903, for value upon the open market, for $22,500 each, which sum they aver they had respectively paid, and that they had no knowledge as to the organization of the Central Amusement Company nor were in any manner parties thereto; that the stock which they purchased was represented upon its face to be full paid and non-assessable and that they had purchased the same upon that representation. As a further defense the defendant set up that the Bonet Construction Company, hereafter referred to as the plaintiff, its officers and agents, were at all times entirely familiar with the whole plan, scheme and organization of the Central Amusement Company, from the date of its inception, and were advised and had full knowledge

of the manner by and consideration on which the capital stock of that company had been subscribed and paid for and were fully advised and aware of the value of said consideration, and that at the time of entering into the contract between plaintiff and the Central Amusement Company and at the time of extending all credits upon which the judgment in favor of plaintiff was rendered against that company, the plaintiff, its officers and agents were fully aware of the facts, and whatever credits plaintiff extended to that company were extended to it with the full knowledge of the consideration, manner and means by which its capital stock had been subscribed and paid for and they aver that plaintiff is estopped from asserting or pretending that the stock was not fully paid for or from in any manner challenging the consideration for which the stock was issued. As a further defense each of the defendants sets up that in the month of February, 1904, at the request of the officers of the Central Amusement Company, he had become guarantor of that company upon promissory notes payable to and held by a bank in St. Louis, in the aggregate sum of $20,000, on which each of them had paid $8000, which had never been repaid, and that the Central Amusement Company is therefore indebted to each of them in that sum, each of them pleading the payment as an offset against any liability upon any claim for unpaid stock which either of them may have at any time held or owned in the Central Amusement Company.

A general denial by way of reply was filed to these answers.

At a trial of the case before the court, defendants, at the conclusion of plaintiff's evidence in chief, demurred to it. The demurrer was overruled and after defendants had introduced their testimony and plaintiff had introduced rebutting testimony, the court denied the motion for execution. Plaintiff excepted to this ruling, filing its motion for new trial, and that

being overruled, saved exceptions and in due time perfected an appeal to this court.

Rule 33 of our court provides that if the respondent wishes to question the sufficiency of the appellant's abstract of the record, he shall file his objections in writing in the office of the clerk of the court within ten days after a copy of the abstract of the record has been served upon him, and shall distinctly specify the supposed defects and insufficiencies of the abstract, serving the appellant with a copy of the objections on or before the day they are filed with the clerk, and that if the respondent omits to file written objections to the appellant's abstract within that time, so that the court may pass upon them before the appeal is submitted for decision, this court will, if it deems it proper, disregard any objections to said abstract thereafter made by the respondent. Counsel for respondents has not followed this rule, but in his statement and brief calls attention to the fact that the appellant has not brought before the court the whole of the record of the trial court and that because of some inaccuracies in that which has been inserted in the partial abstract filed by appellant, he sets out verbatim certain portions of the omitted parts with a view to correcting such errors. We can, under Rule 33, if we see proper, not only waive compliance with that rule, but of our own motion, take up and notice any defects in the abstracts filed, which in our judgment are material to the proper disposition of cases. We can even disregard the whole of the abstract furnished by the appellant's counsel, if that abstract utterly fails to comply with the statutes or with the established practice of this court as well as of the Supreme Court concerning abstracts. It is impossible from an inspection of the abstract before us to determine what are matters of record proper and what are matters of exception, so that we might dispose of the case by either affirming the action of the circuit court or dismissing the appeal on the ground that the appel-

lant has failed to comply with the rules of this court in that respect. We have concluded, however, not to do that but to dispose of this case on another proposition.

Rule 9 of this court requires, in substance, that in cases of equitable jurisdiction, the whole of the evidence shall be embodied in the bill of exceptions; provided that it shall be sufficient to state the legal effect of documentary evidence, where there is no dispute as to the admissibility or legal effect thereof, and provided further, that parol evidence, whether given orally in court or by deposition, may be reduced to a narrative form, where this can be done and at the same time preserve the full force and effect of the evidence. Rule 12 of our court provides that in cases where the appellant shall have, under the provisions of section 813, Revised Statutes 1899, now section 2048, Revised Statutes 1909, filed in this court a copy of the judgment, order or decree in lieu of the complete transcript, he shall make, deliver and file an abstract of the record; and Rule 15 of our court provides, among other things, that the abstract shall set forth so much of the record as is necessary for a full and complete understanding of all the questions presented to this court for decision; that the evidence of witnesses shall be stated in a narrative form, except when the questions and answers are necessary for a complete understanding of the evidence, and in all cases the abstract shall set forth a copy of so much of the record as is necessary to be consulted in the disposition of the errors assigned.

No formal assignment of error is made in this case. The brief, however, makes five propositions, which, acting with liberality, we may construe as assignments of error The first is that the failure on the part of defendants to sign the subscription paper for the increase of the capital stock of the Central Amusement Company will not preclude them being considered subscribers. Second, that the purchase of stock direct from the company will constitute the purchasers liable for unpaid balances. Third,

that the stock owned by the defendants was not paid
in full; that the statement on the face of the certificate,
that it was full paid is not conclusive against a creditor.
Fourth, that the knowledge of the manner and amount
of payment on capital stock by one seeking to enforce
payment of balances due must be complete in order to
avail as a defense.   Fifth, that the defendant stock-
holders are liable for the unpaid balances on their stock.
It is very obvious that the determination of these ques-
tions must rest on a consideration of the evidence in the
case.   The proceeding by motion for execution against
a stockholder, under what is now section 3004, Revised
Statutes 1909, is a summary proceeding and a statutory
substitute for a bill in equity, the statute contemplating
a hearing and determination of the motion by the court
without the intervention of a jury, the trial itself is
practically as in a suit in equity and on appeal the case
is subject to review in this court in the same manner as
causes in equity.   [Erskine v. Loewenstein, 82 Mo. 301,
l. c. 305.]   Our Supreme Court has laid down as the
settled law of this state, that in case the judgment is
for defendant, it is presumed to be correct as to all the
issues and that it devolves upon plaintiff to show that
it is not correct.   It is further the established rule that
while in equity cases the appellate court will defer in a
great measure to the finding and judgment of the chan-
cellor, yet it is not bound to do so either as to ultimate
facts or conclusions of law.   It has been uniformly held
that in equity cases the whole of the evidence must be
brought up on appeal.   [State ex rel. v. Jarrott, 183
Mo. 204, l. c. 217, 81 S. W. 867; Guinan v. Donnell, 201
Mo. 173, 98 S. W. 478.]   Our rule 9 above referred to
does this, and it has been in force practically in its
present wording almost from the organization of the
court.   The power to make such a rule is expressly given
by section 2048, Revised Statutes 1909.

153 App—13

In Pitts v. Pitts, 201 Mo. 356; 100 S. W. 1047, Judge LAMM, disposing of the argument of counsel that on the facts found by the chancellor, the decree was for the wrong party, says that all the later decisions of our Supreme Court are to the effect that in an equity suit it is incumbent upon a litigant seeking relief from the appellate court to bring to it the evidence, so that the conscience of the court may be bound and it may seek equity and do it in the light of the testimony itself. He cites many cases to that effect and concludes that equity suits are to be heard *de novo* on appeal. "The eye of a chancellor," says Judge LAMM (l. c. 356), "must search the very marrow of the thing; and, in order to discern what is due the litigant, that eye must not be baffled by the screen of a mere finding of facts below— the question still remaining, were the facts as found the real facts or not?" In the case at bar we have no finding of fact, no declarations of law—nothing but the order or judgment denying the motion, and what bears on its face evidence of being an imperfect synopsis of or detached quotation from the evidence. Counsel may say he has given us all the material evidence. It is not for counsel to pick out what he deems material. This court is to determine that. Having in view the manner in which we, as an appellate court, are required to pass on suits in equity, when we are to review the finding of the trial judge, especially if we are asked to disturb or set aside that finding, we must have the case before us as nearly as possible as it was presented to him. Our Rule 9 requires the whole of the evidence to be embodied in the bill of exceptions. Of what avail is it to make this requirement as to bills of exception, if, when an abstract of that bill is brought into this court, it presents but a part of it, and sets that part out so that we cannot be sure that it has reproduced either in substance or effect the whole of the evidence, not necessarily verbatim, and, as provided by another rule, not necessarily by questions and answers, but beyond peradventure so

as to substantially set out all of the evidence offered and produced in the trial court. The abstract in this case at bar falls short of this and we must therefore conclude that the appellant, upon whom the burthen rests to do so, has failed to demonstrate error. So far as the evidence is preserved in the abstract, and we have read all of it in connection also with the corrections in it which are set out by the respondent in his statement, we have concluded that there is ample evidence in the case, as presented to us, to support the finding of the trial court. The evidence before us tends to show that the concession held by the Central Amusement Company and which was taken up as payment in part of the capital stock of the corporation was not taken at a fictitious or swollen valuation but at a fair price, and the court must have so found. There is evidence that the officers of the plaintiff company, at the time they entered into the contract with the Central Amusement Company, under which contract the debt which matured into the judgment was founded, had such knowledge of the financial condition of the Central Amusement Company and of the manner in which its stock had been sold and paid for and issued, as to estop them and their company from asserting any liability against these defendants on account of any unpaid part of their subscription, if there is such, for this stock. The trial court must have so found. Finding that, the conclusion reached in denying the motion is so far correct. [Berry v. Rood, 168 Mo. 316, l. c. 334, 67 S. W. 644; Colonial Trust Co. v. McMillan, 188 Mo. 547, l. c. 567, 87 S. W. 933.]

There is evidence tending to show that while this stock held by the defendant Weston was issued direct to him from the company when it increased its capital stock, in point of fact he purchased it for value from the defendant Kline and was to all intents and purposes a purchaser in the open market of stock represented on its face to be full paid, without any knowledge upon

his part or any facts which would put him on inquiry, that that was not the truth.  The trial court was justified, on this evidence, in its finding, for in such case, as held by our Supreme Court in Meyer v. Mining & Milling Co., supra, l. c. 189, the stockholder is not liable.

Without challenging the propositions advanced by the learned counsel for the appellant as being correct expositions of the law, we cannot find that they apply to the facts in this case, so far as we gather those facts from his own abstract.  We thence conclude that in so far as we are able to judge of the evidence that was really before the trial court, that court was warranted in arriving at the conclusion that the defendants were not liable under the motion for contribution with respect to their several shares of stock.  The judgment or order of the circuit court overruling the motion for execution is affirmed.  *Nortoni, J.,* and *Caulfield, J.,* concur.