[1] This is an equitable action whereby plaintiffs seek to vacate a lease contract for fraud in its procurement, and also seek to enjoin the defendant from asserting or claiming as a tenant the possession of plaintiff's property. From an adverse decree the defendant appeals.
[2] Although three days' time was consumed in the trial of the cause, only the record proper is brought here on appeal, the defendant-appellant claiming that the petition fails to state a cause of action against defendant and that the decree as entered is not in conformity with the pleadings. Under such circumstances we will presume that the trial judge found the facts correctly and in accordance with the evidence. State v. Bank of Southeast Missouri, Mo.Sup., 107 S.W.2d 1; State v. Winn, Mo.App., 191 S.W.2d 367; Town of Carrollton ex rel. Barrie v. Thomas, Mo. App., 24 S.W.2d 218; Hubbard v. Slavens, 218 Mo. 598, 117 S.W. 1104.
[3] Plaintiffs' petition alleges that they were the owners of a lot of land in the City of Kirkwood, Missouri, improved with a residence in which they live and a commercial structure, known as 1704 West Big Bend Road, being a one-story garage type of building in which the plaintiff James B. Jackson carried on an automobile painting and body shop business; that prior to March 19, 1946, defendant approached them with the proposal that he rent from them as a month-to-month tenant, certain gasoline pumps at the front of the lot on which such garage building is located, and the eastern portion of the building, for the storage of oils and merchandise to be used by the defendant in the operation of the filling station business, all for a rental of $25 per month, and that plaintiffs agreed thereto; that on or about March 19, 1946, defendant submitted to the plaintiffs a written memorandum which he represented to them conformed to the foregoing oral agreement, and that without reading it and acting upon and relying upon the defendant's representations and assertions that the written instrument conformed to the oral understanding, they signed the said memorandum, which in fact did not conform to the oral agreement, and was the result of fraud, deception and trickery on the part of defendant, and that it is so vague, indefinite and uncertain as to be wholly incomprehensible and of no legal force or effect.
[4] The petition then proceeds at length to describe differences and controversies between plaintiffs and defendant.
[5] The petition then states that on October 22, 1946, plaintiffs served upon defendant a written notice to remove from the premises and surrender possession thereon on December 3, 1946, which was a month from defendant's next rent date which fell on *Page 138 
November 3, 1946, and that on November 22, 1946, defendant moved from the premises and abandoned them, since which date he has paid no rent nor made any tender of rent.
[6] The petition then alleges that on or about March 17, 1947, the defendant served upon plaintiff James B. Jackson a written notice that he had elected to exercise the option granted to him under the aforesaid written lease to renew the same for a second year, reserving the right to renew it for a third year, and that defendant is claiming and asserting that he has a right of possession to a portion of plaintiffs' premises and that he will continue to make such claims, and to annoy, aggravate and disturb the peace of the plaintiffs and interfere with their occupancy of the premises unless enjoined by the court.
[7] A copy of the signed memorandum or lease contract is attached to the petition, the parts thereof material to this appeal being as follows: "I, the undersigned agree to lease unto Andrew L. Merz, 616 Ballas Road, Kirkwood, Missouri, the site fronting Big Bend Road of Jackson's Paint and Body Works, for one year, with the option of a second and third year, at the same rate of rental price of first year, which is $25.00 per month. * * * This lease and option may be terminated only by Andrew L. Merz at any time he sees fit. Hours of business are his own and are not limited."
[8] The defendant's answer, so far as pertinent to the questions involved in this appeal, admitted the allegations of the first four paragraphs of the petition, and denied the remaining paragraphs. It is significant to note here that the fourth paragraph of the petition, which is specifically admitted by the defendant, states that the oral understanding between the parties was for a month-to-month rental.
[9] We think the petition is sufficient as stating a cause of action to set aside a written instrument for fraud in its procurement. It is no doubt the rule, as claimed by appellant, and as announced in the case of Employers' Indemnity Corporation v. Garrett, 327 Mo. 874, 38 S.W.2d 1049, that where parties have deliberately put their engagement into writing, in such terms as to import a legal obligation without any uncertainty as to the object or extent of the engagement, it is conclusively presumed that the whole of the engagement of the parties and the extent and manner of their undertaking have been reduced to writing, and parol evidence is not permitted to vary or contradict the terms of such writing, or to substitute a new or different contract for it. However, as recognized by the appellant's counsel, that opinion goes on to say, — and it is undoubtedly the law, — that mistake, fraud, surprise and accident provide exceptions to the rule. In the case of Dyrssen v. Union Electric Light Power Co., 317 Mo. 221, 295 S.W. 116, it was held to be fraud where a person misreads a written paper to another in order to procure his signature. The rule requiring a party to read a contract before signing it is said not to be a "rule of thumb," but one of equity and sense. Iowa-Missouri Walnut Co. v. Grahl, 237 Mo.App. 1093,170 S.W.2d 437. The law does not require a prudent man to deal with everyone as a rascal. Antonopoulos v. Chouteau Trust Co., 337 Mo. 252, 84 S.W.2d 1059. In the case of Wells v. Adams, 88 Mo.App. 215, the Kansas City Court of Appeals held that where the petition alleged that defendant falsely represented that a deed of trust and note correctly included the entire contract touching a loan, and that plaintiff relied thereon and signed them, when in fact an essential stipulation was designedly omitted, the petition stated a cause of action for fraud.
[10] Not only so, but in this case defendant answered the petition without questioning its sufficiency by motion as he had a right to do. Therefore, by virtue of Section 66, Civil Code of Missouri, Mo.R.S.A. § 847.66, defendant waived the failure, if any, of plaintiffs to plead fraud with particularity. Hamilton v. Linn, 355 Mo. 1178, 200 S.W.2d 69.
[11] The decree of the trial court is that the purported lease is void and invalid for indefiniteness in description of the particular part of the property which was to *Page 139 
be occupied by the defendant, and the extent and quality of such occupancy. We agree with that view of the trial judge, and that such finding was within the purview of the pleadings. Plaintiffs had alleged in paragraph 7 of the petition that the written instrument is so vague, indefinite and uncertain as to be wholly incomprehensible and of no legal force or effect. However, in an equity case the appellate court is not bound by the reason assigned by the trial court for his finding where the judgment was rendered for the right party. The cause is heard anew in the appellate court. Devoto v. Devoto, 323 Mo. 716, 19 S.W.2d 662; Pitts v. Pitts, 201 Mo. 356, 100 S.W. 1047. The appellate court will give such judgment as the trial court ought to have given, as to the appellate court shall seem agreeable to law. Section 140, Civil Code of Missouri, Mo.R.S.A. § 847.140.
[12] There is a further reason why the judgment in the trial court is for the right party and should be sustained, to wit: plaintiffs, following their contention that the written lease was fraudulent and void, and that defendant was a month-to-month tenant, served notice on defendant October 22, 1946, to vacate on December 3rd, which was a month from the next rent paying date, November 3rd. Defendant did vacate and move from the premises he occupied on November 22, 1946, and since has paid no rent nor made any tender of rent. We think that regardless of defendant's present claim that he has a valid three year lease, his vacating the premises under such circumstances would constitute an abandonment of any rights he might have otherwise had under either the oral understanding or the written lease. An abandonment of leased premises, with the consent of the landlord, may be consummated by express agreement by the parties, or may be implied from the facts and circumstances without express contract. Von Schleinitz v. North Hotel Co., 323 Mo. 1110,23 S.W.2d 64; Thomas v. Roth, Mo.App., 157 S.W.2d 250. And such surrender or abandonment of possession extinguishes all rights of the tenant. Crow v. Kaupp, Mo.Sup., 50 S.W.2d 995.
[13] The judgment and decree of the trial court was for the right party and is ordered affirmed.
[14] ANDERSON, P. J., and McCULLEN, J., concur.