*In re* ESTATE OF DAVID D. ROSS, Deceased.

*Opinion filed February 21, 1906.*

APPEALS AND ERRORS—*when freehold is not involved.* A freehold is not involved on appeal from a decree establishing a lost will and admitting it to probate, where the appellant's interest is only a legacy· and he does not claim that the will is invalid, but only that it was error to decree costs against him.

APPEAL from the Circuit Court of Peoria county; the Hon. T. N. GREEN, Judge, presiding.

HUSTON & SULLIVAN, and JACK, IRWIN, JACK & DANFORTH; for appellant.

JAMES A. CAMERON, and RICHARD H. RADLEY, for appellee. ·

Mr. JUSTICE BOGGS delivered the opinion of the court:

Frances A. Ross, a minor, by her next friend filed a petition in the probate court of Peoria county for the probate of an alleged will said to have been executed by David D. Ross, deceased, on or about the 15th day of April, 1902, which will the petition stated had become lost prior to the decease of the said David D. Ross, and prayed that said lost will might be established, probated and recorded and that letters testamentary should issue thereon. Notice was given for the hearing of the petition for the probate of the will, as provided by law, and at the time set for the hearing of said petition an order was entered admitting the will to probate and appointing Lucinda Ross administratrix of the estate of David D. Ross with the will annexed. From this action of the probate court the appellant perfected an appeal to the circuit court of Peoria county, and on the hearing on appeal the circuit court entered an order finding that said David D. Ross died leaving a will, and that it had been mislaid or lost,

but found the provisions of the will in some respects different from the provisions as found by the probate court and admitted to probate in said probate court, and said circuit court ordered and decreed that said will as found by said circuit court should be "admitted to probate and entered of record as the last will and testament of said David D. Ross, deceased," and ordered the cost of the appeal to be taxed to the appellant. An appeal has been perfected direct to this court on the supposed ground of our jurisdiction being as stated in the brief of the appellant, that "the main body of the property of the estate consists of real estate," and hence a freehold is involved.

The will of said David D. Ross as found and established by the circuit court was in its second clause as follows:

"*Second*—I give to my beloved wife, Lucinda Ross, all of my real and personal estate, to be hers as long as she lives and to do with as she pleases. After her death I desire that my estate shall be divided, one-third to Dr. B. M. Ross, my son, one-third to my daughter, Alice M. Benning, and one-third to my grand-daughter, Frances A. Ross, out of which she shall pay to her father, Frank A. Ross, $500. Alice M. Benning is to have $1000 more than either Dr. B. M. Ross or my said grand-daughter."

The will as found and established by the said probate court was in all material respects the same, except that it provided as follows:

"*Second*—I will, devise and bequeath all the property of which I may die seized, real, personal and mixed, to my wife, Lucinda Ross, with full power to sell and dispose of the same as she sees fit.

"*Third*—It is my will, however, that any of my estate that may remain after the death of my said wife shall be disposed of in the following manner: First, to Alice M. Benning the sum of $1000, and the remainder to be equally divided between my son, Bernard M. Ross, my said daughter, Alice M. Benning, and my grand-daughter, Frances A.

Ross; but it is further my will that my said grand-daughter, Frances A. Ross, shall out of her share of my estate give to her father, Frank A. Ross, the sum of $500."

It will thus be seen that so far as the appellant was concerned the provisions of the two wills were the same, namely, that out of the interest of the said Frances A. Ross "she shall pay to her father, Frank A. Ross, [the appellant,] $500." The difference in the two wills as established by the two courts only affects the rights and interest of the widow of the deceased and the devisees and legatees therein mentioned other than the appellant, and of this they are not complaining nor are they parties to this appeal.

The appellant urges that the circuit court should have either reversed or affirmed the order entered in the probate court, and that since it was found by the circuit court that the will as found and admitted to probate in the probate court was not the last will and testament of the said David D. Ross, but that the will as found and established by the circuit court was the last will and testament of the deceased, the order and judgment entered in the circuit court was, in effect, a reversal of the judgment entered in the probate court, and that he being therefore the successful litigant, it was error to tax the cost of the appeal against him. There is no contention by appellant in this court that neither of the two wills is the last will and testament of the said David D. Ross or that the said David D. Ross died intestate, whereby the appellant would be entitled to receive, under the Statute of Descent, his proportionate share of the real estate owned by the deceased at the time of his death. His sole interest is a legacy of $500, to be paid in money. This court has repeatedly held that a freehold is involved, within the meaning of the constitution and statute providing for appeals from the trial to the Supreme Court, only in cases where the necessary result of the judgment or decree is that one party gains or the other loses a freehold estate, or where the title is so put in issue by the pleadings that the decision of the

case necessarily involves the decision of such issue. (*Malaer* v. *Hudgens,* 130 Ill. 225.) Where a freehold is involved in the original decree but is not the point assigned for error, the appeal should be to the Appellate Court. (*Walker* v. *Pritchard,* 121 Ill. 221; *Prouty* v. *Moss,* 188 id. 84.) It does not appear from the points assigned as for error and argued in the briefs of counsel for the appellant that a freehold is involved, and the appeal must therefore be dismissed for want of jurisdiction, at the cost of the appellant.

*Appeal dismissed.*