Jeanette McCann, Executrix, Appellee, v. Daisy Daly et al., (Hubert Lee, Appellant).

Gen. No. 5567.

1. DESCENT—*effect of renunciation by widow.* If the testator leaves a child or children etc., the widow by renunciation takes dower in his lands and one third of his personal estate. If, however, he leaves no child etc., by renunciation she takes one-half of his entire estate.

2. DESCENT—*effect of adoption of child, without consent of wife.* The rights of the wife cannot be affected by the husband adopting a child without the consent of his wife. Nor can the rights of the wife be affected by the husband undertaking to name an heir other than herself.

Appeal from the Circuit Court of Kankakee county; the Hon. CHARLES B. CAMPBELL, Judge, presiding. Heard in this court at the October term, 1911. Affirmed. Opinion filed March 13, 1912.

L. H. BANCROFT, ALVIN W. WISE and C. M. CLAY BUNTAIN, for appellant.

J. BERT MILLER, for appellee.

MR. JUSTICE MORTON W. THOMPSON delivered the opinion of the court.

Appellee entered her motion in this court to transfer this appeal to the Supreme Court, on the ground that a freehold is involved, and said motion was ordered taken with the case. As we view this case a freehold is not involved and the motion is therefore denied. Zinc Co. v. City of La Salle, 117 Ill. 411; In Re Ross Estate, 220 Ill. 142; Burrows v. Kotz, 226 Ill. 40.

March 21, 1910, Isaac McCann died testate in Kankakee county, Illinois. His will was duly admitted to probate in the County Court of said county on May 2, 1910. Appellee, Jeannette McCann, and his widow Jennie were nominated therein, but the widow refused to qualify, and appellee, Jeannette McCann,

was duly appointed and qualified as sole executrix thereof.

In the disposition of his estate, the will says:

"After my just debts and funeral expenses are paid, I give to my wife Jennie McCann, the use, rents, incomes and benefits of all my property, real, personal and mixed for and during her life, excepting twenty-five ($25.00) Dollars a month, which is to be paid to my sister Ellen Kaler, during her life."

"After the death of my wife, my real estate shall be sold within two years and the proceeds disposed of as follows: To Jeannette McCann my niece $1000.00. To Daisy Daly, my adopted daughter $1,000.00. The remainder to be divided into two equal parts one half to Hubert Lee in fee and the other half to be put in trust and the issue, rents and income to be paid him during his life and afterwards to his issue in fee and should he die without issue, then to the heirs of the testator as the law directs," and other bequests not material to the issues here.

Isaac McCann and Jennie McCann were married in Wisconsin in 1866 where two children were born, both dying in infancy and prior to the death of the testator. On May 2, 1910, the widow filed her written renunciation, and election to take under the statute. On May 24, 1910, said widow died in said county testate and on August 6, 1910, her will was duly admitted to probate, in and by which she bequeaths all her estate to Jeannette McCann in trust with powers to sell, etc., and after certain bequests to pay Daisy Daly all the income of said trust estate for her life and then the principal remaining to be divided equally between her surviving issue. Isaac McCann left an estate amounting to about $4,000 about $1,000 personalty and the rest in real estate, and owing about $6,000.

This was an amended bill filed by appellee, Jeannette McCann, executrix, to construe the will of Isaac McCann, deceased, and for other relief not material here. Answers and replications were filed. The answer of appellant denied that said testator died leav-

ing no child or children, but alleged that said testator left surviving him Hubert Lee as his only son, and Daisy Daly as an adopted daughter of said Isaac McCann and Jennie McCann.  James J. Daly, administrator with the will annexed of Jennie McCann, deceased, filed his cross-bill herein asking that the court decree that he as such administrator be entitled to one-half of all the real and personal estate of said Isaac McCann, deceased, after the payment of all debts, etc.  Answers and replications were filed thereto and the case was heard before the chancellor, who found and decreed substantially as prayed in the amended bill, and defendant, Hubert Lee, appeals.

The only question here argued is as to the correctness of the decree finding that said testator, Isaac McCann, left surviving him no child or children or descendants of any.  The evidence shows that in 1879 Mary Ewers, a sister of said testator died, leaving her daughter Daisy, then about seven weeks old; that just before she died she requested the testator and his wife to take the child and give her a home, etc.; that they assented to said request, and from that time she made her home with them, and seems to have been treated by them as their own child.  Certified copies of records of the Circuit Court of Richland county, Wisconsin, were introduced in evidence, which show that in 1880, Isaac McCann filed his petition in said court, asking that by an order of court said Ella Ewers may be made and established the legal heir of petitioner, and that her name be changed to Ella McCann, etc.  Also certain bound volumes of the Statutes of Wisconsin were introduced in evidence, and much of the argument is made upon the admissibility and effect of said records.  As we view this case it is not necessary to discuss or decide those questions. Jennie McCann, the wife of Isaac McCann, did not join with him in said petition, and hence her rights under the laws of Illinois could not be and were not

affected by any proceedings had on his petition alone, in said court. McCann was a resident of this state at the time of his death and all his property was located here, and hence our statute governs the descent of it. Keegan v. Geraghty, 101 Ill. 26; Stoltz v. Doering, 112 Ill. 234; Hall v. Gabbert, 213 Ill. 208. Under our law the wife has certain rights and interests which cannot be taken away without her consent. One is the right after his death, to renounce the provisions made for her in his will, and to take in lieu thereof as provided in chapter 41, of our statute. This she did and thereby became under section 12 entitled to one-half of his estate, after the payment of his just debts, etc. Under our law, if the testator leaves a child or children, etc., the widow by renouncing takes dower in his lands and one-third of his personal estate, while if he leaves no child, etc., by renouncing, she takes one-half of his entire estate. Our statute of adoption, chapter 4, provides: ''but the prayer of such petition, by a person having a husband or wife, shall not be granted unless such husband or wife joins therein.''

It would seem strange indeed, if McCann could do indirectly what he could not do directly, that is, contrary to our law, either in this or another state, adopt a child without his wife's consent, thereby depriving her of valuable rights accorded her under our laws.

But it is argued that McCann did not adopt Mrs. Daly but proceeded under a statute of Wisconsin, which provided simply for the making of another his heir. We are unable to see that it makes any difference in this case whether it was an attempt to make her his heir or adopt her. The result so far as it would affect the rights and interest given the widow under our law would be the same.

As was said in Wallace v. Rappelye, 103 Ill. 229: ''Where there are husband and wife, the wife's interest as respects herself or her children in the right

of inheritance cannot be affected by any act of adoption by the husband alone of another's child than their own, giving it the right of inheritance, but there must be consent of the wife thereto." See also Stanley v. Chandler, 53 Vt. 617; Barnes v. Allen, 25 Ind. 222, Finding no error in the record, the decree of the trial court is affirmed.

*Affirmed.*