BURTON BARRS, JUDGE OF THE CIVIL COURT OF RECORD IN AND FOR DUVAL COUNTY, FLORIDA, *Plaintiff in Error*, v. STATE OF FLORIDA, ON THE RELATION OF LUCY BRITT (FORMERLY LUCY B. SPEARS), *Defendant in Error*.

Division B.

Opinion Filed January 29, 1928.

*John E. & Julian Hartridge,* Attorneys for Plaintiff in Error;

*Edgar W. Waybright* and *James Royall,* Attorneys for Defendant in Error.

BUFORD, J.—This cause is here on writ of error to the Circuit Court of Duval County on an order of that court containing judgment for peremptory writ of mandamus in the following language:

''This cause having come on to be heard upon the motion of the respondent to quash the alternative writ of mandamus herein, the court, having read the briefs and heard the arguments of Messrs. John E. and Julian Hartridge, counsel for the respondent, in support of said motion, and of Messrs. Edgar W. Waybright and James Royall, counsel for the relator, in opposition thereto, and being fully advised, finds and decides that the action pending in the Civil Court of Record of Duval County, Florida, over which the respondent, as judge of said court, has refused to exercise jurisdiction, as it is alleged in said alternative writ, is not an action involving the title to real estate within the meaning of Sec. 11 of Art. V of the Constitution of the State or of the Legislative Acts of the State creating the

civil courts of record, it not appearing that the title to the real estate brought in question in said action will in anywise be affected by the judgment therein; that, therefore, the said Civil Court of Record is clearly vested with jurisdiction of said action; that the respondent, as judge of said Civil Court of Record, declined to exercise jurisdiction of said action by mistake of law, having erroneously decided as a matter of law and not as a decision upon the facts that his said court was without jurisdiction of said action; that, therefore, because of the established principle of law that where a question of jurisdiction is one of law only, a court cannot by an erroneous decision acquire jurisdiction which it has not or divest itself of jurisdiction which it has, the order and judgment of the relator, as judge aforesaid, of February the 23rd, A. D. 1927, attempting to dismiss said action for want of jurisdiction was ineffectual for that purpose and a nullity, and that the said action is therefore now pending in said Civil Court of Record as if no such order and judgment had been made; and that, the premises considered, the said order and judgment is not a final order or judgment to which writ of error will lie, and that the relator has not therefor a plain, adequate and specific remedy in the premises other than by the writ of mandamus.

"ACCORDINGLY, it is CONSIDERED, ORDERED, and ADJUDGED BY THE court that the respondent's motion to quash the alternative writ herein be, and the same is hereby, denied. And the respondent having duly excepted to this ruling and order of the court, his exception is hereby noted.

"And now, the court being of the opinion that there is no requirement of justice that the respondent be allowed to answer the alternative writ herein, because it appears that only an issue of law is here involved and that no valid

defense could be made to said writ, it is further CONSID-ERED, ORDERED and ADJUDGED by the court that the alternative writ herein be and the same is hereby made perpetual and final.

"Accordingly, it is further CONSIDERED, ORDERED and ADJUDGED that the clerk of this court do forthwith issue herein under the seal of this court a peremptory writ of mandamus commanding the respondent, the Honorable Burton Barrs, as Judge of the Civil Court of Record of Duval County, State of Florida, to proceed to the exercise of jurisdiction of that certain cause pending in his said court wherein the relator, Lucy Britt (formerly Lucy B. Spears) is plaintiff, and William A. Hutson is defendant, numbered 15207 on the docket of said court, and to proceed to try and adjudge said cause in accordance with law and the rules governing his said court in such causes.

"Done at chambers in the City of Jacksonville, Duval County, Florida, this 20th day of June, A. D. 1927."

Lucy Britt had filed suit in the Civil Court of Record in Duval County against William A. Hutson and had submitted her declaration therein containing seven (7) counts. The first six (6) counts were common counts. The 7th count was as follows:

"7. And the plaintiff sues the defendant further, for that on, to-wit, the 12th day of September, A. D. 1925, the defendant entered into a certain contract in writing with the plaintiff, a copy of which said contract is hereto attached and by specific reference hereby is made a part of this declaration as fully as if the same were incorporated herein at length and in detail; that in and by the said contract the defendant agreed to sell and the plaintiff agreed to buy that certain piece or parcel of land described as East half of Lot Five, Block 108, according to Hart's map of Jacksonville, Duval County, Florida, upon the terms

conditions and provisos therein set forth; that pursuant to the said contract the plaintiff paid to the defendant the sum of One Thousand Dollars as earnest money, hand money or binder money, whereof receipt was acknowledged by the defendant; that it was expressly understood and agreed by and between the plaintiff and the defendant that if the abstracts of title to and of the above described property should disclose a title in the defendant which was other than marketable, that One Thousand Dollars paid by the plaintiff to the defendant should be returned by the defendant to the plaintiff; that the abstracts to and of the said property were carefully examined by competent legal counsel and the title thereto was found to be other than marketable, that the plaintiff immediately notified the defendant that the title had been found to be and was other than marketable, and demanded the return of the One Thousand Dollar payment made by the plaintiff to the defendant as aforesaid, but that the defendant failed and refused to return to the plaintiff the said One Thousand Dollars or any part thereof, and although repeatedly requested so to do, the said defendant has not yet paid to the plaintiff or to any agent or representative of the plaintiff the said One Thousand Dollars or any part thereof.''

The defendant filed pleas of never was indebted as alleged to the first 6 counts and filed pleas No. 2 and No. 3 to the 7th count as follows:

''2. And for a plea to the seventh count of plaintiff's declaration the defendant says that the abstracts submitted to plaintiff were carefully examined by competent legal counsel and the title covered thereby was found to be marketable.

''3. And for a further plea to the seventh count of plaintiff's declaration, the defendant says that the judgment of counsel for plaintiff, who examined the abstracts, sub-

mitted and advised plaintiff that the title to the property in question was found to be other than marketable, was erroneous, and that said title was a marketable title."

On these pleas being filed an order was made by the judge dismissing the suit for want of jurisdiction.

The order made by the circuit court on final hearing on petition for mandamus hereinbefore quoted, we hold, was without error. The words "involving the title of boundaries of real estate" as used in Sec. 11 of Article V of the Constitution of the State, and as used in Chapter 6904, Acts of 1915, and Chapter 8521 of Acts of 1921, do not necessarily mean that the circuit court shall have exclusive original jurisdiction, or that the civil courts of record may not have original jurisdiction in cases where the records of title to real estate may be competent and relevant evidence.

The suit here presented is an action based upon the alleged breach of the contract and does not have for its object the adjudication of the rights of any party or parties in real estate.

A suit is one "involving the title to real estate" only where the necessary result of the decree or judgment is that one party gains or the other loses an interest in the real estate, or where the title is so put in issue by the pleadings that the decision of the case necessarily involves the judicial determination of such rights. See *in re* Ross Estate, 77 N. E. 126, 220 Ill. 142; Hallett v. Alexander, 114 Pac. 490, 34 L. R. A. (N. S.) 328; Van Tassell v. Wakefield, 73 N. E. 340, 214 Ill. 205; State *ex rel.* Reed v. Elliott, 79 S. W. 696, 180 Mo. 658; Kennedy v. Duncan, 123 S. W. 856, 224 Mo. 661; Brunner Granitoid Co. v. Klein, 70 S. W. 687, 170 Mo. 255.

The status of the record of the title will affect the right of recovery and therefore upon such status depends necessary proof incident to a proper judgment, but neither the

record of the title nor the status of the title will be *involved* or affected by the result of the litigation. The judgment to be recovered, whether it be for the plaintiff or for the defendant, will have no effect whatsoever upon the status of the title to the lands described in the contract, the breach of which is alleged as the cause of action. Nothing will be added to or taken from the record of the title by any result of the litigation.

As to the use of the writ of mandamus in cases of this nature in State *ex rel.* Dukes v. Wills, 39 Fla. —, 380 So. —; Welch v. State *ex rel.* Johnson, 85 Fla. 264, 95 So. 251; State *ex rel.* v. Branning, 85 Fla. 61, 95 So. 237.

The judgment of the circuit court should be affirmed and it is so ordered.

Affirmed.

WHITFIELD, P. J., AND TERRELL, J., concur.

ELLIS, C. J., AND BROWN, J., concur in the opinion and judgment.