WILL S. MORGAN and C. D. RESLER, Appellants, v. ALBERT YORK, Trustee, and KATHERINE BAER, Intervener.—88 S. W. (2d) 146.

Division One, November 12, 1935.

*John J. Wolfe* and *Lon Kelly* for appellants.

*Grover C. James* and *Roy W. Crimm* for respondents.

FERGUSON, C.—This is a suit in equity seeking to enjoin a foreclosure sale under a deed of trust and the cancellation of the deed of trust and the promissory notes secured thereby. The trustee named in the deed of trust commenced foreclosure proceedings whereupon this suit was filed. One Katherine Baer, claiming to be the legal owner and holder of the notes secured by the deed of trust, appeared as intervener. The land described in the deed of trust is situate in McDonald County and this suit was filed in the circuit court of that county and a temporary injunction and restraining order issued out of that court. By stipulation the venue was changed to the Circuit Court of Newton County where upon a hearing a decree and judgment in favor of plaintiffs was entered making the temporary injunction' theretofore granted permanent but thereafter intervener's motion for a new trial was sustained and a new trial ordered. Again by stipulation the venue of the cause was transferred to the Circuit Court of Jasper County where upon a trial the decree and judgment was for defendants, the temporary injunction theretofore issued was dissolved and plaintiffs' appeal went to the Springfield Court of Appeals but that court transferred it to this court on the theory that title to real estate is involved.

 Our first duty in this or any other case is to determine whether we have jurisdiction of the appeal and as no other possible ground exists if this court has jurisdiction of this appeal it is solely because title to real estate is involved. In pursuing that inquiry we look to the pleadings, evidence and decree to ascertain the real and determinative issues and whether title to real estate is directly in issue with a judgment sought or rendered adjudicating a title controversy. It is not enough to confer jurisdiction on this court that, title is or may be affected indirectly, incidentally or collaterally. [Nettleton Bank v. McGauhey's Estate, 318 Mo. 948, 2 S. W. (2d) 771.]

An understanding of the issues, the relief sought and decree entered requires a statement of the facts in evidence. On March 9, 1925, Charles Dacy and wife purchased a tract of approximately 160 acres of land, in McDonald County, from Henry C. Prater and wife, which Prater and wife conveyed, by warranty deed of that date, to Dacy and wife. This land was referred to throughout the evidence as the "Prater land" or "Prater tract." In part payment of the purchase price Dacy and wife executed three promissory notes, of even date, aggregating $6500, payable to Henry C. Prater and Sarah J. Prater, and secured same by a deed of trust (herein involved) against the entire tract; the defendant Albert York is the trustee named therein. The three promissory notes, each bearing interest at rate of eight per cent per annum, payable semi-annually, were in principal amounts, numbered and matured as follows:

Note numbered 1, $2000, due one year after date (March 9, 1926); note numbered 2, $2000, due three years after date (March 9, 1928); note numbered 3, $2500, due four years after date (March 9, 1929). The deed of trust was duly filed for record March 10, 1925. Thereafter Dacy caused a part of the land to be platted as "First Sub-Division to Prater's Addition to Elk-O-Zar." On August 18, 1926, Dacy and wife, by warranty deed conveyed to one William S. Hendrix all the land originally purchased by them from the Praters, included and described in the deed of trust, except certain numbered lots and a tract of land described by metes and bounds but for brevity referred to in the evidence, briefs and statements as "a miscellaneous tract." The consideration therefor was paid by one J. A. Kelley a real estate dealer of Kansas City. It seems that Hendrix the grantee named in the warranty deed, and a nephew of Kelley, had no active part in the transaction and plaintiffs say that Kelley caused and directed the deed to be made to Hendrix who was a mere "straw man" for Kelley. The deed to Hendrix provides that it is "subject to a certain deed of trust heretofore executed by Charles Dacy and Alta J. Dacy, his wife, of date March 9, 1925, to Albert York to secure note or notes therein mentioned for the aggregate sum of $6500 in favor of Henry C. Prater and Sarah J. Prater on which $1500 has been paid which said notes and indebtedness said grantee and assigns herein assume and agree to pay." In November, 1926, Dacy and wife, by warranty deed, conveyed the lots and the so-termed "miscellaneous tract of land," part of the original Prater tract purchased by them but which had not been conveyed by the deed to Hendrix, being excepted therefrom, to the "Dacy Agency and Investment Company, a corporation." The land was conveyed subject to the lien of the Dacy deed of trust to York trustee and the Praters as beneficiaries. It appears that the corporation took and held title as a mere trustee for various purchasers of the lands described in the deed. Later plaintiff Will S. Morgan, as an intervener

in a receivership proceeding against the Dacy corporation, made a showing that he had purchased and paid the purchase price of the "miscellaneous tract of land," a part of the original Prater tract conveyed to Dacy and wife and by them to the Dacy Corporation and by decree of date of May 28, 1927, title thereto was divested out of the corporation and vested in Will S. Morgan subject "to the lien" of the Dacy deed of trust to York trustee, "securing a balance . . . in the sum of $4500 and accrued interest;" the first note in the principal sum of $2000 which matured March 9, 1926, having been paid a principal sum of $4500 remained outstanding. Plaintiff Resler testifies that "in the spring of 1927" he purchased the notes and deed of trust from the Praters. The testimony is vague as to how or when Resler acquired the notes but that is immaterial for it is definitely shown that the notes were transferred or assigned to him prior to August 27, 1927. As stated, supra, at that time the first note in the principal sum of $2000, which matured March 9, 1926, had been fully paid leaving the two notes numbered 2 and 3, in the principal sum respectively of $2000 and $2500, an aggregate principal sum of $4500, outstanding as neither had matured. Plaintiff Resler testified that either on August 27 or 28, 1927, he sold and delivered these two notes, endorsed in blank, together with the deed of trust securing same to Kelley. It was admitted that Kelley died shortly after the filing of this suit. Apparently his testimony by deposition had not been taken. Miss Baer the intervener herein testified that she was a school teacher in Kansas City, Missouri; that she had "at frequent intervals" since 1905 purchased loans through Kelley; that Kelley told her of these two outstanding notes aggregating $4500 "on what was known as the Elk-O-Zar property, or the Prater property, down near Lanagan;" that she "purchased these notes through Mr. Kelley" and "they have been in my possession since they were delivered to me by Mr. Kelley and I am still the owner and holder of the notes;" that she turned the sum of $4500, for the purchase of the notes, over to Kelley on May 4, 1927, but he did not deliver the notes and deed of trust to her until sometime in September, 1927; and that on May 4, 1927, she delivered checks to Kelley aggregating $2978.25 and two notes which she held, secured by mortgages, and "which were coming due," aggregating $1521.75, so making a total sum of $4500 turned over to Kelley to be used in purchasing the two Dacy notes aggregating the principal sum of $4500. Miss Baer produced checks and original memoranda to substantiate her statement of the transaction. As we have noted plaintiff Resler stated that he sold and delivered the two notes endorsed in blank to Kelley on either August 27 or 28, 1927, and Miss Baer says Kelley delivered them to her in September, 1927, which was six months or more before the maturity date of note numbered 2 the first of the two notes to mature. In June, 1928, plaintiff Morgan

executed his promissory note in the principal sum of $4000 payable to plaintiff Resler and secured same by a mortgage on certain lands therein described including the tract of land which had been a part of the Prater tract purchased by Dacy and to which Morgan had title subject to the lien of the Dacy deed of trust then held by Miss Baer. When thereafter Miss Baer directed York, the trustee named therein, to foreclose the deed of trust and he commenced the foreclosure proceeding, by publication of the statutory notice, Morgan and Resler brought this injunction suit.

Plaintiff's bill or petition alleges that Dacy and wife sold the Prater land described in the deed to Hendrix to J. A. Kelley; "that at the instance and request of J. A. Kelley" the name of "William S. Hendrix, a nephew of the said Kelley" was "used as the grantee in the deed;" that thereby Kelley "took and received and now holds title to the said described tract of land;" "that in the said deed . . . the said Kelley and the said Hendrix expressly assumed and undertook to pay off and discharge the indebtedness" secured by the deed of trust executed by the Dacys on the whole tract of land purchased from the Praters; that in August, 1927, "the said J. A. Kelley being then the actual owner of the legal title to the said described real estate purchased and took over for a valuable consideration by him paid" the promissory notes secured by the deed of trust; that "upon the acquiring of said notes . . . by the said J. A. Kelley . . . the said indebtedness and the lien thereof under the said deed of trust . . . became and was extinguished as a lien against said property;" that "Katherine Baer claiming to be the holder of the said notes has no right, title or interest in and to same;" that the foreclosure proceeding is a "wrongful and fraudulent design and scheme" on the part of Kelley and Miss Baer; and prays for a restraining order enjoining the foreclosure sale and that the deed of trust "be canceled and released as a lien against the land" described in the petition.

Plaintiffs' theory, and the sole issue presented, is that Kelley was the actual owner of the land conveyed to Hendrix; that by said conveyance Kelley "assumed and agreed to pay off and discharge the notes;" that he purchased the two outstanding notes from Resler thereby paying them and that thereupon a merger occurred "and the lien of the said deed of trust" was "extinguished." It is conceded that the Dacys had title to the land at the time and that the deed of trust was valid as and when executed and created and constituted a valid lien against all the land therein described, to a part of which plaintiff Morgan subsequently acquired title subject however to the lien of the deed of trust. Morgan's title to that part of the land to which he claims title is not questioned or at issue herein. Intervener Baer claims that under the facts a merger, did not occur; that she purchased the notes before maturity through Kelley acting

as her agent and that she became and is a bona fide holder for value before maturity of the two notes so purchased; that the lien of the deed of trust was not extinguished by a merger and is a live and subsisting lien against all the land therein described; and that as the legal owner and holder of the two notes she is entitled to enforce the lien. The trial court found the issues in favor of intervener Baer; that she purchased the notes in good faith, for value and before maturity "and ever since has been and still is the legal owner and holder thereof;" that said notes were in default and ascertained and found the amount due thereon; that the lien of the deed of trust is a subsisting lien and ordered the land described in the decree sold, etc.

We have held that a suit to cancel a deed of trust or mortgage on the theory that it was void *ab initio* for fraud or on other grounds rendering it void in its inception involves title to real estate and that this court has jurisdiction of an appeal therein on that ground. [Phillips v. Phoenix Trust Co., 332 Mo. 327, 58 S. W. (2d) 318.] But "in construing Section 12, Article 6, of the Constitution, giving the Supreme Court appellate jurisdiction of cases involving title to real estate, we have steadily adhered to the construction that actions which adjudicate only as to *liens* on real estate and do not *directly* affect the *title* are not actions involving title to real estate within the meaning of that provision." [Stock v. Schloman, 322 Mo. 1209, 18 S. W. (2d) 428.] We refer to some of our cases wherein the continuance or existence of a lien against real estate, admittedly valid in its inception, being the essential or real matter at issue we have held that title to real estate was not involved in a jurisdictional sense. Bonner v. Lisenby, 157 Mo. 165, 57 S. W. 735, was a suit to cancel a deed of trust on the ground that the debt it was given to secure had been paid. This court said: "There is no question but that the land belongs to the plaintiffs and that the deed of trust is valid and that it is in force if it has not been paid. The decree in this case cannot affect the title to the land, that is, there is no question of title to be decided. It is a mere question of whether or not certain acts constitute payments. . . . The land is only incidentally affected. This is not like the case where the validity of the deed of trust is attacked. In accordance with our recent rulings we hold that title to real estate is not so involved as to give this court jurisdiction. [Price v. Blankenship, 144 Mo. 203; Rothrock v. Lumber Co., 146 Mo. 57; Edwards v. Railroad, 148 Mo. 513; Gay v. Saving & Building Assn., 149 Mo. 606.]" It was said in Christopher v. People's Home & Savings Association, 180 Mo. 568, 79 S. W. 899, that "where, as here, the validity of the instrument itself, as such, is not in question, but its cancellation is sought upon the ground solely that the debt or obligation it was given to secure has been fully paid or become discharged . . . it cannot be

said . . . that title to real estate is involved within the meaning of the Constitution defining the jurisdiction of this court. . . . Though title to real estate may be affected as a result of the decree asked and ultimately entered herein, title to real estate is not involved within the meaning of the Constitution defining this court's jurisdiction on appeal.'' Bonner v. Lisenby, supra, and the cases therein listed are cited and in addition thereto Klingelhoefer v. Smith, 171 Mo. 455, 71 S. W. 1008; Balz v. Nelson, 171 Mo. 682, 72 S. W. 527; Vandergrif v. Brock, 158 Mo. 681, 59 S. W. 979; and Bradley v. Insurance Co., 163 Mo. 553, 63 S. W. 1132. The following is from Vandeventer v. Florida Savings Bank, 232 Mo. 618, 135 S. W. 23: ''The prayer of the petition and answer is that the court ascertain and determine the interests of each of the parties in and to the land described therein, under and by virtue only of the existence of the note and deed of trust. The title to the land is conceded to be in the appellant, and it is also conceded that the deed of trust was duly executed by the then owner, and was timely recorded in the Recorder's office of Monroe County.

''By reading the petition and answer in the light of those conceded facts, it will be clearly seen that there are but two issues tendered thereby; first, was the note mentioned therein legally sold and transferred . . . to the defendant? and, second, had the note been paid off and discharged prior to said sale and transfer?

''Clearly, the determination of neither of those questions can or will affect the title to the real estate described. It was the execution of the deed of trust that created the lien upon the land; and if it should be held that the note which the deed of trust was given to secure had not been paid, still that fact would not create a lien on the land, for the reason that if the lien exists, it is because of the execution of the deed of trust and the failure of the maker of the note which the deed was given to secure to pay it off.'' In Hardwicke v. Barnes, 253 Mo. 6, 161 S. W. 744, it was claimed that one Lindenman was merely a surety on a $7000 promissory note executed by a corporation of which Lindenman was an officer. Subsequent to the execution of the note and to further secure same Lindenman executed a mortgage on certain real estate which he owned. Many years later a suit was brought seeking to have the mortgage ''declared satisfied'' and the ''pretended lien thereof removed as a cloud upon the title.'' The matter in issue was thus stated by this court: ''It is not claimed by plaintiff that defendant's note for $7000 has been fully paid; but his claim is that said note was not paid at maturity and that defendant extended the time of payment thereof, in consequence of which the securities thereon, including Lindenman, were released from further liability thereon, and that therefore the deed or mortgage executed by Lindenman to defendant conveying said land was satisfied.'' Ruling the question of jurisdiction of the appeal this court said:

"There was no dispute as to Lindenman's title to the land mentioned, nor was there any question as to the validity of the mortgage given thereon by him, as security for the payment of the $7000 note. That being true, then the only question involved is whether or not the mortgage mentioned was satisfied by reason of the alleged extension of the time of payment without the consent of the securities. . . .

"The decision of that question one way or the other does not involve the title to the land mentioned, and this court, therefore, has no jurisdiction of the case, since there is but a small sum due and unpaid on said note." Applying in the instant case an illustration used in Gay v. Missouri Guarantee Saving & Building Association, 149 Mo. 606, 51 S. W. 403, suppose that instead of a deed of trust with power of sale, as in this case, the lien had been created by a mortgage without power of sale; that Miss Baer had filed suit to foreclose it and as a defense Morgan, not claiming the mortgage invalid, had pleaded the same facts set up in his petition herein as constituting a payment, merger and extinguishment of the lien. Could it be said that title to real estate is directly in issue and "a matter about which there is a contest" (Nettleton Bank v. McGauhey's Estate, supra), that is, that title to real estate was involved in a jurisdictional sense? [See, also, Jones v. Hogan, 211 Mo. 45, 109 S. W. 641; Dubowsky v. Binggeli, 258 Mo. 197, 167 S. W. 999; Steffen v. Stahl (Mo.), 266 S. W. 474; Corbett v. Brown (Mo.), 263 S. W. 233; Puthoff v. Walker (Mo.), 239 S. W. 108; and Farrell v. Seelig (Mo.), 19 S. W. (2d) 648.]

Following the rule laid down by the foregoing cases we think it apparent that in the case before us title to real estate is not involved within the meaning of the constitutional provision defining our appellate jurisdiction. As stated, supra, plaintiff's title was not questioned nor was any attack made upon the validity of the deed of trust. Primarily the pleadings seek the judgment of the court as to whether or not the deed of trust, admittedly valid in its inception, is still a lien; that was the sole matter at issue and the only thing determined and adjudged by the trial court. It follows that the cause must be transferred to the Springfield Court of Appeals. It is so ordered. *Hyde* and *Bradley, CC.*, concur.

PER CURIAM:—The foregoing opinion by Ferguson, C., is adopted as the opinion of the court. All the judges concur.