RUST SASH & DOOR COMPANY, a Corporation, v. GATE CITY BUILD-ING CORPORATION ET AL., Defendents, T. D. BRYANT, Appellant. —114 S. W. (2d) 1023.

Division One, April 1, 1938.

*Glenn R. Donaldson* for appellant.

*George K. Brasher, H. G. Waltner, Jr., Guy M. Boyer, Michaels, Blackmar, Newkirk, Eager & Swanson, Wright, Rogers & Margolin, Julius Shapiro, Lathrop, Crane, Reynolds, Sawyer & Mersereau,*

*Ringolsky, Boatright & Jacobs, Carl H. Willbrand* and *Arthur E. Johnson* for respondents.

BRADLEY, C.—This is a mechanic's lien cause under Sections 3180 et seq., R. S. 1929 (Mo. Stat. Ann., secs 3180 et seq., p. 5008 et seq.). Plaintiff and fifteen other mechanic's lien claimants were each given a lien on the property described, and in the amount of each respective claim, but appellant T. D. Bryant (generally referred to hereinafter as Bryant) was given only a personal judgment against the trustees of the owner (see infra), and was denied a mechanic's lien "for the reason (as stated in the judgment of the court) that the mechanic's lien statement of said T. D. Bryant is not a just and true account of the demand due him and is insufficient to support a mechanic's lien and for that reason he has failed to take the steps required by law to establish the same."

Bryant filed motion for a new trial which was overruled and he appealed, but he filed no bill of exceptions, hence there is nothing here except the record proper. And it is contended that appellant has not brought up the entire record proper, and has attempted to bring up matters of exception when there was no bill of exceptions filed. Plaintiff and other respondents have filed here a motion to dismiss the appeal, which motion was taken with the case.

Bryant did not set out in his abstract the judgment in full, but a certified copy of the complete judgment sent up by the clerk of the trial court is before us. From this, and appellant Bryant's answer or intervening petition, the following facts appear: On or prior to April 4, 1930, the owner of the property, the Gate City Building Corporation, commenced the erection of a new eleven-story hotel and apartment building on the lots (in Kansas City) upon which, including the unfinished building, the mechanics' liens were sought and obtained, except as to Bryant. The name of the new building was to be Clyde Manor Apartments and the construction continued until abandoned by the owner in the latter part of January, 1931. On June 16, 1930, the owner executed a deed of trust on the property to the Metropolitan Bank & Trust Company and J. Kenneth Edlin, trustees (who were defendants) to secure bonds, payable to bearer, in the sum of $650,000 and the coupons. (The holders of the bonds were designated as unknown defendants and served by publication.) July 10, 1930, Bryant and the owner entered into a contract whereby Bryant was to do certain concrete work (furnishing material and labor) on the building.

It appears on Bryant's mechanic's lien account that it was filed in the office of the clerk of the circuit court on February 18, 1931, but it is contended that this account (required to be filed by Sec. 3161, R. S. 1929, Mo. Stat. Ann., sec. 3161, p. 4986) is not before

us, because not a part of the record proper. However, there is no claim that this filing (if the account can be considered) was not in due time. Neither is there any claim that Bryant did not file his intervening petition in due time.

. . The court found as to Bryant that the "Gate City Building Corporation, at the time alleged in the answer and cross petition of defendant T. D. Bryant, contracted with him as alleged in his separate pleading herein, for the performance of work and labor upon and for the purchase of materials for use in the erection and construction of such improvements upon said real estate; that said T. D. Bryant performed his contract, as far as could be done, until said Gate City Building Corporation stopped further work on said building, and a portion of the materials and work and labor for which he claims a mechanic's lien herein was actually furnished and used and done and performed upon said real estate in the erection and construction of said improvements, and although the said T. D. Bryant is entitled to a personal judgment as prayed for in his separate answer and cross petition, he is not entitled to a mechanic's lien herein, and is removed and excluded from the classification of mechanic's lien claiming defendants as the term is used herein," for the reason as above stated.

The court further found that there was "due and owing" Bryant $14,527.87, which, plus interest, amounted to $18,288.17, and that this sum was due from defendants Alfred G. Saenger et al., trustees, formerly the president and board of directors of the Gate City Building Corporation, which was dissolved as a corporation January 1, 1932. Bryant's account filed with the clerk February 18, 1931, is a kind of a summary, not in detail. It shows a balance due Bryant, not including interest, of $14,527.87. Bryant designated the balance due as "Due and lienable amount." There was endorsed on the account, at its end, this: "Approved January 15, 1931. Gate City Building Corp., W. D. Snyder, Agent." And from the recitals in the judgment, there was no question on Snyder's authority to approve the account. Also, it was found in the judgment that "under and pursuant to the terms of said deed of trust (to Metropolitan Bank & Trust Co. and Edlin, to secure the bonds) the defendant Gate City Building Corporation became and acted as the agent of and for the trustees named in said deed of trust and the owners and holders of the bonds and other parties secured thereby in connection with the erection and construction of such improvements upon said real estate."

At the threshold of the merits, both as to the case and the motion to dismiss the appeal, we are confronted with the question of jurisdiction. The question is not raised in the briefs, but it is our duty to decide whether or not we have jurisdiction. [Perkins

v. Burks et al. (Mo.), 61 S. W. (2d) 756, 1. c. 757, and cases there cited.] Bryant says that the account he filed with the clerk of the circuit court is an account stated, and is sufficient. He states in his brief that "practically the sole question to be decided is: Can a mechanic's lien be sustained on an account stated?" So far as appears from the *record* here, the *amount* of Bryant's claim was not *disputed,* hence the only question, affecting Bryant, before the trial court, was whether or not he was entitled to a judgment giving him a mechanic's lien, along with the other mechanic's lien claimants. He was denied a lien for the reason as above stated. Our Constitution names the cases in which appeals lie to the Supreme Court. ■ Among these are "cases involving title to real estate" (Const. Art VI, Sec. 12), and "all cases where the amount in dispute, exclusive of costs," exceeds $7500. [Const. Art. VI, Sec. 12; Amendment of 1884, Sec. 3; Sec. 1914, R. S. 1929, Mo. Stat. Ann., sec. 1914, p. 2587.] There is no amount in dispute, appearing from the record, in the present appeal, hence we have no jurisdiction on that theory. ■ The only other possible theory is that title to real estate is involved. The situation is simply this: Bryant pleaded and now contends that he is entitled to a mechanic's lien on the property and his adversaries contend that he is not, and the court so found. "For title to be involved within the meaning of the Constitution (Art. VI, Sec. 12) so as to confer jurisdiction in this court, the judgment sought or rendered must be such as will directly determine title in some measure or degree adversely to one litigant and in favor of another." [Peer v. Ashauer (Mo.), 92 S. W. (2d) 154, 1. c. 156; Tucker v. Burford, 337 Mo. 1073, 88 S. W. (2d) 144; Nettleton Bank v. McGaughey's Estate, 318 Mo. 948, 2 S. W. (2d) 771.]

"In construing the provisions of Section 12, Article VI of the Constitution, giving the Supreme Court appellate jurisdiction of cases involving title to real estate, we have steadily adhered to the construction that actions which adjudicate only as to liens on real estate and do not directly affect the title are not actions involving title to real estate within the meaning of that provision." [Stock v. Schloman, 322 Mo. 1209, 18 S. W. (2d) 428, 1. c. 432; Morgan et al. v. York, 337 Mo. 1076, 88 S. W. (2d) 146, 1. c. 148.]

If the amount ($14,527.87, plus interest) of Bryant's claim was in dispute, then jurisdiction of this appeal would be in the Supreme Court (Bruner Granitoid Co. v. Klein, 170 Mo. 225, 70 S. W. 687, a mechanic's lien case), but so far as appears here the amount of his claim was not in dispute.

The appeal in this case did not lie to the Supreme Court and the cause should be transferred to the Kansas City Court of Appeals. It is so ordered. *Ferguson* and *Hyde, CC.,* concur.

210

PER CURIAM:—The foregoing opinion by BRADLEY, C., is adopted as the opinion of the court. All the judges concur, except *Hays, J.,* absent.