ALLEN, Judge.
In July of 1961, petitioner filed an amended complaint in the Small Claims Court of Lake County alleging, in substance, that respondents had, in 1958 and 1960, wrongfully removed oranges from orange trees owned by petitioner. Alleging that 200 boxes of oranges had been, wrongfully removed, petitioner sought damages of $2.50 per box, allegedly the highest market price during the years in question. Respondents answered, denying that petitioner owned, the orange trees in question and alleging that respondents Campbell owned the trees in 1958 and 1960.
Thereafter petitioner directed successive-interrogatories and requests for admissions-to respondents establishing thereby the-following facts. The respondents Campbell, claiming ownership of the trees in question by reason of a contract for deed from a Mr. and Mrs. Dillard, authorized: the respondent cooperative to pick the oranges from those trees during 1958 and’ 1960, which was, in fact, done. The Camp-bells had and have no conveyance of the property, have paid no taxes on the property and claim no present interest in the trees in question.
Petitioner thereupon moved for summary judgment, supporting this motion with a surveyor’s affidavit describing the land and trees in question and his affidavit alleging ownership of the land and trees by a 1952 tax deed, denying the alleged ownership or possession by either the Campbells or the Dillards and amplifying the allegations of wrongful conversion by respondents. Respondents filed an affidavit in opposition to the motion. This affidavit, executed by one F. Gould Garcia, after alleging the affiant’s knowledge of the land and trees in question, traced a title to the land from 1925 through 1953, when an alleged owner, Emily Joyce Dixon, conveyed the property to the Dillards who, in 1956, “sold” the property to the Campbells.
With the motion for summary judgment pending, the Small Claims Court dismissed the action “for lack of jurisdiction.” This order was appealed to the Circuit Court and affirmed on the ground that Article V, Section 6 of the Constitution of Florida F.S.A. vests the Circuit Court with exclu *889 ■sive original jurisdiction in all actions involving titles or boundaries to real estate. Petitioner brought certiorari to this court.
The primary question here pre■sented is whether the lower court erred in determining that this was an “action involving titles or boundaries to real estate” and thus beyond the Small Claims Court’s jurisdiction. Recalling that respondents do not claim any present interest in the land or trees and have not offered any affidavit supporting their initial allegation that petitioner does not own the land or controverting petitioner’s affidavit and allegation of ownership by tax deed, it is clear that the present title or right to the lands in question is not in issue and resolution of the instant suit will not cause one party to gain or lose an interest in the realty. Accordingly, this is not an action within the purview of the Constitutional provision relied upon. Barrs v. State, 1928, 95 Fla. 75, 116 So. 28; Gannett v. King, Fla.App.1959, 108 So.2d 299.
In the latter case this court was confronted with the question, inter alia, whether an action by a purchaser for alleged breach of warranty of title and consequent damage was cognizable only in the Circuit Court. Judge Kanner, for this court, wrote:
“To begin with, it must be emphasized that the claim is not one involving the title to land so as to fall automatically within the jurisdiction of the circuit court under the constitutional provision. In Barrs v. State, 1928, 95 Fla. 75, 116 So. 28, 29, the Supreme Court said:
“ ‘A suit is one “involving the title to real estate” only where the necessary result of the decree or judgment is that one party gains or the other loses an interest in the real estate, or where the title is so put in issue by the pleadings that the decision of the case necessarily involves the judicial determination of such rights.’
“The complaint here does not assert a claim for the adjudication of the rights of parties to the real estate itself. Even though the condition of the title or record affects the right of recovery and, as a consequence, upon such condition of title would depend necessary proof incident to a proper judgment, neither the record of the title nor its status would he involved or affected by the result of the litigation. Rather, the action is upon an alleged breach of warranties in a deed, the title to the land being only incidental to the asserted claim. Barrs v. State, supra; see also Annotation, 115 A.L.R. at page 535.” (Emphasis added.)
The instant case is similar in that disposition of petitioner’s claim may involve proof of the condition of title in the past, but will not affect or involve present rights in or to the real estate. Accordingly, the Small Claims Court had jurisdiction. Having had jurisdiction, the Small Claims Court could and should have proceeded to dispose of the motion for summary judgment.
Since, on the record, petitioner has by pleading and supporting documents established ownership by virtue of a 1952 tax deed, and since respondents have not contravened this title by attack upon the validity of the tax deed or by allegation and proof of a legally sufficient paramount title, petitioner is entitled, upon hearing, to summary judgment as a matter of law.
Accordingly, the writ of certiorari is granted, the order of the Circuit Court is quashed and the cause remanded for proceedings appropriate herewith
SMITH, C. J., and WHITE, J., concur.