P. P. BURROUGH and E. P. BURROUGH, Partners as
    Burrough Bros., Respondents, v. JAMES G. WHITE
    and JAMES O'CONNOR, Co-defendants with F. F.
    ROZZELLE and JOHN H. SPIKER, Appellants.

### Kansas City Court of Appeals, June 8, 1885.

1. PRACTICE—MECHANIC'S LIEN—ACCOUNT REQUIRED BY THE STATUTE.
   —A statement of account which contains an itemized statement of
   each article sold, and the time at which and the price for which it
   was sold, and giving credit for the amount paid thereon, is a suffi-
   cient "statement of account" within the mechanic's lien act.
   *Graves v. Pierce*, 53 Mo. 423; and *McWilliams v. Allen*, 45 Mo. 573
   (which merely stated the *balance due*) distinguished.

2. ——— FILING OF LIEN WITH CIRCUIT CLERK.—In order to main-
   tain a claim for lien against the owner of property sought to be
   charged under the mechanic's lien act, it is essential to file with
   the clerk of the circuit court of the proper county, a just and true
   account of the demand due, after all just credits have been given,
   which is to be a lien upon the building, or other improvements, and
   a true description of the property, or so near as to identify the
   same, upon which the lien is intended to apply, with the name of
   the owner or contractor, or both, if known to person filing the lien,
   which shall be verified by the oath of the person filing, or some
   credible person for him. Rev. Stat. Mo. (1879), sect. 3176. A com-
   pliance with the provisions of this statute, and within the time pre-
   scribed, is a condition precedent to the right of plaintiff to maintain
   an action for the enforcement of the statutory lien. Following
   *Patrick v. Faulke*, 45 Mo. 314.

APPEAL from the Jackson Circuit Court, HON.
TURNER A. GILL, J.

*Reversed and remanded.*

Statement of case by the court.

This is a suit brought by plaintiffs to recover judg-
ment against James G. White and James O'Connor, for
hardware furnished them, and to enforce a mechanic's
lien against a certain building of appellants, Rozzelle &
Spiker, in the construction of which it is alleged said
hardware was used.

This suit was instituted before a justice of the peace,

who, on the trial thereof, rendered judgment against White & O'Connor for the amount of plaintiff's demand and for the enforcement of mechanic's lien for the same against the building of Rozzelle & Spiker. Rozzelle & Spiker duly appealed from the judgment of the justice sustaining the lien, but White & O'Connor did not appeal from the judgment of the justice against them. The circuit court on the trial of said cause rendered a judgment in favor of plaintiffs and against White & O'Connor for the amount of plaintiffs' demand, and for the enforcement of a mechanic's lien for said amount against the said building of Rozzelle & Spiker. From that judgment Rozelle & Spiker have appealed to this court.

In the circuit court the plaintiffs made an application for a continuance of the case on account of the absence of one of their witnesses, whereupon it was admitted by the appellants that had said absent witness been present his testimony would have been as follows :

"That White & O'Connor were the contractors of Rozzelle & Spiker for the erection of said building described in the complaint; that the materials mentioned in the account filed with said complaint, were furnished White & O'Connor for the purpose of being used in the construction of said building, and were used in the construction of said building, and that the price charged for said materials was the market value of the same; that the building was owned by the said Rozelle & Spiker, and that they had due and legal notice of plaintiffs' intention to claim a lien on said property."

Thereupon the parties proceeded to trial, the above admission being considered as the testimony of the absent witness. In addition to said admission the plaintiffs introduced in evidence the account sued on, which was as follows :

P. P. BURROUGH, }
E. P. BURROUGH. }

KANSAS CITY, Mo., April 1, 1882.

*Messrs. White & O'Connor*, for house Balt. Ave.,
9th and 10th St.,

Bought of Burrough Bros.

| | | | | |
|---|---|---|---|---|
| Dec. 1 | 2 prs. 4x4 Butts.................... | | | 60 |
| | 2 prs. 3½x3½ Butts................. | | | 30 |
| | 5 lbs. 8 case nails.................. | | | 25 |
| | 3 " 4 " " .................. | | | 20 |
| | 5 " 16 " " .................. | | | 25 |
| | 10 " 8 " " .................. | | | 50 |
| 6 | 10 " 10 " " .................. | | | 50 |
| | 5 " 8 " " .................. | | | 25 |
| | 1 pound brads...................... | | | 20 |
| 24 | 20 lbs. nails....................... | | 1 | 00 |
| 27 | 8 lbs. 8 case nails.................. | | | 40 |
| 28 | 3 " 8 " " .................. | | | 15 |
| | 5 " 10 " " .................. | | | 25 |
| 30 | 3 doz. butts, | | | |
| | ½ " sash locks, | | | |
| | 5 " sash lifts. | | | |
| | ½ " mortise locks, | | | |
| | ½ " rim locks, | | | |
| | 3 sliding door locks, | | | |
| | 2 cup door locks, | | | |
| | 2 front door locks, | | | |
| | 3 doz. par. knobs.................... | | 43 | 13 |
| | 3 C. and H. knobs.................. | | | 60 |
| | 18 sets transom fixtures.............. | | 2 | 16 |
| | 18 lbs. 10 casing.................... | | | 40 |
| | Dif. in Hem. knobs and S. L. locks.. | | 1 | 50 |
| July 2 | 1 lock and knob.................... | | | 35 |
| | 2 prs. butts, 3x3½.................. | | | 35 |
| 3 | 14 lbs. nails, 4..................... | | | 85 |
| 5 | 2 " " .................. | | | 15 |
| Dec. 30 | 8 pr. Butts........................ | | | 40 |

| | | | |
|---|---|---|---|
| July 11 | Dr. in difference in lock exchange.. | 5 | 00 |
| | "   "   "   " sash   " .. | | 50 |
| 17 | "   "   "   " slide door lock exchange...................... | 3 | 00 |
| 26 | ½ doz. window springs.............. | | 10 |
| 31 | ½ doz. Hemenite escutcheons........ | | 60 |
| Feb. 1 | 3 rim locks........................ | 1 | 20 |
| | 3 rim locks....................... | | 90 |
| | | $66 | 04 |
| | Cr. January 26th by cash........... | 35 | 00 |
| | | $31 | 04 |

To the introduction of which account defendants objected "because the same is incompetent, irrelevant and is only an itemized balance," which objection the court overruled. To which ruling of the court, defendants then and there excepted.

F. F. Rozzelle being duly sworn, testified as follows:

"Mr Spiker and myself contracted with White & O'Connor to build the house mentioned. We were to pay them $4,356.00 and they were to complete the house and furnish everything. Mr. Bannon was our architect and looked after the building, and we paid the bills on the order of White & O'Connor. The materials were paid for by check made payable to the order of the party furnishing the same. We made two payments to these plaintiffs in this way. They presented us an order from White & O'Connor at the time we made the first payment for $37.00 for hardware furnished Baltimore Avenue house (the building mentioned in the complaint), and we gave them our check payable to their order. The check contained the memorandum that it was on account of hardware furnished Baltimore Avenue house. Don't know whether it was payment in full or not. *The payment was made about the time this account purports to commence.* There is no credit given in the account for this payment. There never was any settlement made with us, or any account or statement furnished us by plaintiffs

of hardware furnished this building. Don't know how much or what kind of hardware they did furnish. It was all furnished for one building. Plaintiffs simply brought us an order from White & O'Connor, on account of hardware, for such money, but did not state what kinds or how much, and we paid the order. The payment for which they have given us credit was made in exactly the same way. The second payment was for $35.00."

E. P. Burrough, one of the plaintiffs, testified in the justice's court below, on the trial of this cause, "that they never had any contract with White & O'Connor, but furnished all the hardware on a running account, and charged them the market value."

*Cross-examination:* "There was no settelement of the account between plaintiff and White & O'Connor at the time the first payment was made that we know of. There was no settlement or statement of account between plaintiffs and us. The account filed in this suit is simply an itemized balance. All that Mr. Bannon had to do was to see that the house was built right. He had nothing to do with paying White & O'Connor, or paying for materials."

Said witness, E. P. Burrough, swore on the trial before the justice that all the goods bought prior to the account sued on, were paid for in full by the payment of said $37.00, and the account upon plaintiffs' books balanced, and the account sued on shows all items and all credits thereafter.

This was all the testimony offered, and all the admissions made by either plaintiffs or defendants. The plaintiffs asked no declarations of law. The court gave none of its own motion. The appellants asked only one, a demurrer to the evidence, which was refused.

A. M. ALLEN, for the appellants.

I. As there is no conflict in the testimony this court will consider all the points in the case, whether raised by instruction or not. *Henry v. Bell,* 75 Mo. 194; *Walter v. Ford,* 74 Mo. 195.

II. The testimony shows that the account sued on

by plaintiffs is only a balance of account. This is insufficient. The appellants were entitled to an itemized account of all the materials furnished by plaintiffs to White & O'Connor (contractors), and which went into the construction of their building; and to have credit for all moneys paid by appellants to plaintiffs on account of same. Especially is this so as all goods furnished by plaintiffs to White & O'Connor, for appellants. were furnished on a running account, and without any contract as to what plaintiffs were to charge for the same. *Kline v. Ry. Const. Co.*, 7 Mo. App. 410; *Lewis v. Cutler*, 6 Mo. App. 54; *Graves v. Pierce*, 53 Mo. 423; *Mc Williams v. Allen*, 45 Mo. 573; *Gray v. Dick*, 97 Pa. St. 142; *Lee v. Barke*, 66 Pa. St. 336; *Russell v. Bell*, 44 Pa. St. 49.

III. The plaintiffs sued as partners, but failed to introduce any evidence to prove partnership. This is an allegation plaintiffs were bound to prove. *Woods, Christy & Co. v. Quarles & Thompson*, 10 Mo. 179; Rev. Stat. Mo. (1879).

IV. There is no testimony showing the time when the materials sued for were furnished, or when the indebtedness accrued. Sect. 3176, Rev. Stat. Mo. (1879).

V. There is no testimony showing the time when the lien was filed, or that any lien was ever filed with the clerk of the circuit court, as required by law. Rev. Stat. Mo. (1879), sect. 2873.

No brief on file for respondents.

Opinion by HALL, J.

The appellants contend that the circuit court should have given their demurrer to the evidence, that the account sued on is only a balance of an account, and that this case is within the rule laid down in *Graves v. Pierce* (53 Mo. 423); *Mc Williams v. Allen* (45 Mo. 573), and other similar cases cited by them. We do not think that this case comes within that rule. In those cases the statement of the account was a bare statement of the

balance due, and nothing more.   In this case the account contains an itemized statement of each article sold, the time at which and the price for which it was sold. And besides the account gives credit for the sum of $35.00, the amount paid thereon.   The point made by the appellants that, prior to the first date on the account, the plaintiffs had sold divers articles for the appellants' house; that appellants had paid thereon the sum of $37.00 ; that the present account is but a continuation of the former account, both accounts forming one whole, continuous, running account, and that the account in suit is, therefore, for a balance only, not showing the whole dealings between plaintiffs and the defendants —the point, we say, is not well taken.   From the evidence in this case the trial court might have well inferred that, as to those articles sold prior to the sale of the articles enumerated in the account in suit, the plaintiff had been settled with and paid in full.   Because, one of the appellants himself testified that they had paid plaintiffs the sum of $37.00 about the time the account in suit begins to run, and that in the account no credit is given for said payment.

The payment of $37.00 was payment in full, to the date of such payment, otherwise the account would contain some charge on account of sales made prior to such date.

But the bill of exceptions which is set out in full herein, fails to show that there was any testimony tending to show that plaintiffs, at any time, filed a lien with the clerk of the circuit court as required by law.   Sections 2873 and 3176 of Revised Statutes.

A compliance with the provisions of these sections of the statutes was a condition precedent to the right of plaintiffs to maintain this action for the enforcement of the statutory lien.   *Patrick et al. v. Faulke et al.*, 45 Mo. 314.

A failure of plaintiffs to show such a compliance on their part was fatal to their right to the judgment against appellants, rendered herein.

For this reason the judgment of the circuit court is reversed and the cause remanded.   All concur.