JOHN BOLAND, Respondent, v. FRED L. WEBSTER et al., Appellants.

Kansas City Court of Appeals, November 4, 1907.

MECHANICS' LIENS: Evidence: Lien Paper: Statute. In an action to enforce a mechanic's lien the lienor must show compliance with the provisions of the statute and the lien paper should be introduced to show its compliance with such provision; otherwise the judgment will be reversed.

Appeal from Boone Circuit Court.—*Hon. Alexander H. Waller,* Judge.

REVERSED AND REMANDED.

*Thomas J. Tydings* and *E. W. Hinton* for appellant.

Defendant's demurrer to the evidence should have been sustained because plaintiff failed to offer in evidence any lien statement, thus failing to show a compliance with section 4207, Revised Statutes 1899, which is a condition precedent to the existence of a lien. The plaintiff identified a document by the clerk as the lien filed, and later offered and read in evidence his account. But he wholly failed to produce any lien statement, describing the property, etc., as required by the statute. Burrough v. White, 18 Mo. App. 229.

*F. G. Harris* and *Arthur Bruton* for respondent.

The court properly overruled demurrer offered by appellant as petition, lien account and statement filed apprised appellant of every phase of claim, condition and right he had under the law and facts of the case, none of which were attempted to be refuted or called in question by him at the trial of said case.

JOHNSON, J.—Action to enforce a mechanics' lien brought by a subcontractor. A jury was waived, and the learned trial judge, after hearing the evidence, found the issues in favor of plaintiff and rendered judgment for the enforcement of the lien. Defendant Baldridge, the owner of the property appealed. He assigns a number of grounds for a reversal of the judgment, all of which, with one exception, are untenable.

The facts constitutive of the cause of action are sufficiently alleged in the petition and the finding that the statement for the lien was filed in the time prescribed by the statute is supported by substantial evidence, but the cause must be remanded on the ground, properly preserved in the record, that plaintiff, in failing to offer in evidence the statement thus filed, omitted to prove a fact essential to his right to a lien. It appears that he did prove by competent evidence the date of the filing of the lien paper in the office of the circuit clerk, and that he offered in evidence the account appearing in that instrument, but for some reason not disclosed, did not offer any other portion of the instrument and, consequently, the record is barren of proof tending to show a substantial compliance with the provisions of section 4207, Revised Statutes 1899. It is there provided that the claimant shall "file with the clerk of the circuit court of the proper county a just and true account of the demand due him or them after all just credits have been given, which is to be a lien upon such building or other improvements and a true description of the property, or so near as to identify the same, upon which the lien is intended to apply, with the name of the owner or contractor, or both, if known and the person filing the lien, which shall, in all cases be verified by the oath of himself or some credible person for him."

Compliance with these provisions is indispensable; without it, the lien is lost and in an action of this char-

acter, the burden is on the plaintiff to show such compliance. To do this, it is necessary to introduce the lien paper. As the record now stands, we have no means of knowing that the paper filed contained a true description of the property, or the name of the owner or contractor. If either of these facts were omitted, plaintiff has no lien. [Burrough v. White & O'Connor, 18 Mo. App. 229.] The demurrer to the evidence offered by the appealing defendant should have been given and it follows that the judgment must be reversed and the cause remanded. All concur.