THE CRANE COMPANY, Respondent, v. SYDNEY
J. SMITH, Appellant.

**Kansas City Court of Appeals, February 15, 1915.**

1. **MECHANIC'S LIENS: Use in Building: Prima-Facie Showing.**
   Where it was shown that a subcontractor ordered certain spe-
   cific plumbing material for certain buildings and that it was
   shipped to him by the materialman, and that material of that
   kind and brand was found installed in the houses, the same
   in quality and quantity, it is a prima-facie showing that the
   material furnished was used in the houses.

2. ———: **Burden on Plaintiff: Compliance with Statute: Admis-
   sion.** In an action to enforce a mechanic's lien the burden is
   on the plaintiff to show a compliance with the statutory
   requisites have been complied with. An admission that the
   "lien statement herein was filed," accompanied by the quali-
   fication that such papers were filed at the date indicated, but
   disclaiming an admission as to what they were, is not, alone,
   a showing of the filing of a proper lien paper.

Appeal from Boone Circuit Court.—*Hon. D. H. Harris,*
Judge.

REVERSED AND REMANDED.

*McBaine & Clark* for appellant.

(1) Plaintiff failed to prove that the goods or-
dered by King Brothers (the subcontractor) were
used by the subcontractor in appellant Smith's apart-
ment houses, and therefore, the court should have di-
rected a verdict for the appellant Smith. Current
River Lumber Co. v. Cravens, 54 Mo. App. 216;
Schulenburg Lumber Co. v. Johnson, 38 Mo. App. 404;
Simmons v. Carrier, 60 Mo. 581; House v. Carroll, 37
Mo. 578; Graves v. Pierce, 53 Mo. 423; Stephens Lum-
ber Co. v. Kansas City Lumber Co., 72 Mo. App. 248;
Moon v. Brown, 172 Mo. App. 510; Limestone Co. v.
Methodist Church, 156 Mo. App. 671; Lumber Co. v.
Realty Co., 150 Mo. App. 61. (2) The cause should

be reversed and remanded because respondent failed to introduce in evidence the lien paper relied upon and failed to show a compliance with the requirements of section 8217, Revised Statutes of Missouri, 1909. Boland v. Webster, 126 Mo. App. 591.

*Walker & Walker* for respondent.

(1)  The evidence of the use of the materials furnished by plaintiff in the buildings was sufficient to take the case to the jury. Darlington Lumber Co. v. Harris, 107 Mo. App. 148; Seattle Lumber Co. v. Sweeney, 85 Pac. 677; Rice v. Hodge, 26 Kan. 164; Badger Lumber Co. v. Muehlebach, 109 Mo. App. 646, 650; Hayden v. Logan, 9 Mo. App. 492.

ELLISON, P. J.—Plaintiff's action is to enforce a mechanic's lien as subcontractor against two buildings in Columbia, known as apartment houses. It recovered judgment in the trial court for the enforcement of the lien.

Defendant Smith contracted with McCormick for the erection of the buildings and the latter let the plumbing to King Brothers and they purchased the material from plaintiff, who lives in St. Louis. Plaintiff marked it "Smith Job" and shipped to King Brothers at Columbia. It is contended that there was no proof that the material, though furnished to King Brothers for the buildings by plaintiff, was actually used in their construction. It was shown, clearly, that like material went into the houses, that is to say, just such bath tubs, closets, etc., as were ordered and furnished, were found in the houses, marked with plaintiff's brand and bearing every indicia of being the identical articles that were furnished by plaintiffs. In effect, the only objection made is that no witness kept up with the eye a personal knowledge that these were the same; and as it was shown plaintiff had sold other like material to King Brothers, that destroyed

whatever presumption might have arisen had that fact
not appeared.  We do not think it can be said, as a
matter of law, that there was a failure of proof on this
account.  It could reasonably be said that there was a
weakening of proof, but not a failure, and that there-
fore the question was properly left to the jury.  [Dar-
lington Lumber Co. v. Harris, 107 Mo. App. 148; Bad-
ger Lumber Co. v. Muehlebach, 109 Mo. App. 646, 650;
Rice v. Hodge, 26 Kan. 164; Seattle L. Co. v. Sweeney,
43 Wash. 1.]

In an action to enforce a mechanic's lien it de-
volves upon the plaintiff to prove the statutory requi-
sites to a lien have been complied with.  In this case
there was a failure to show that a lien account had
been filed.  Counsel for plaintiff stated in court that
it was admitted "that the lien statement herein was
filed," etc.  But counsel for defendant answered this by
saying that he admitted "these documents here were
filed at these dates, without any admission as to what
they were."  The matter seems to have been dropped
at that and no lien paper or statement was identified,
nor was any offered in evidence.  Without the lien
account the case was without a base upon which to
rest.  [Boland v. Webster, 126 Mo. App. 591.]

The judgment will be reversed and the cause re-
manded.  All concur.