LANDERS LUMBER & CEMENT COMPANY, A CORPORATION, RESPONDENT, v. GRANT O. SHORT, ETTA SHORT, ARTHUR HART, L. O'BYRNE AND H. PROSERPI, APPELLANTS.—37 S. W. (2d) 981.

In the Springfield Court of Appeals. Opinion filed April 3, 1931.

F. W. Barret for appellants, Grant O. Short and Etta Short.

*Hamlin, Hamlin & Hamlin* for appellant, H. Proserpi.

*Wear & Benton* for respondent.

COX, P. J.—Action in equity under the statute to enforce a mechanics lien and to determine and to adjudge priority of liens. The trial court found for plaintiff and entered judgments to enforce its lien. It also found for plaintiff against defendant Hart, who was the contractor and rendered personal judgment against him. It found against the claims of defendants O'Byrne and Proserpi on their claims for liens. Defendants Short and Proserpi appealed.

The judgment in this case will have to be reversed and the cause remanded for new trial because of what is likely an oversight in the trial of the case, or a mistake in preparing the abstract of record for use in this court. The foundation of a mechanics lien is the lien statement filed with the clerk of the circuit court of the county where the property is located. Unless this lien statement, which must be in substantial compliance with the provisions of the statute, is filed as required by the statute, no lien attaches. In this case the petition of plaintiff alleged all the facts required to be alleged including the allegation that a lien claim was duly filed. The answer of the property owners was a general denial. This placed on plaintiff the burden of proving all the facts necessary to be shown to entitle it to a lien. One essential fact necessary to be proven was the fact that a proper lien claim was duly filed. This could only be done by placing in evidence the lien claim itself. That was not done in this case and without that proof, plaintiff failed to make a case. [Boland v. Webster, 126 Mo. App. 591, 105 S. W. 34.]

The title to the land in this case was a joint title in Grant O. Short and Etta Short, husband and wife. Defendant, Hart, was the contractor and the contract to build the house was in writing and signed by Mr. Hart and Grant O. Short but not signed by Etta Short, the wife. It is contended that by reason of that fact a mechanic's lien could not attach to nor be enforced against the land. If that were all that was shown at the trial, we should hold with appellant Short on that question, but we think there was evidence sufficient to take to the trier of the facts the question whether Grant O. Short who signed the contract was at the time also acting as agent for his wife to an extent sufficient to bind the land owned by them jointly under the mechanic's lien law. Since the case is to be re-tried, we do not deem it necessary at this time to set out the evidence or review the authorities which lead us to this conclusion.

We also refrain at this time from passing upon the merits of the case of appellant Proserpi.

The judgment will be reversed and the cause remanded. *Bailey* and *Smith, JJ.*, concur.