This is an appeal, by a mechanic's lien claimant, from a decree disallowing his lien. The appeal was lodged in the Supreme Court, but that court held it had no jurisdiction and transferred the cause here. See Rust Sash Door Company v. Gate City Building Corp., et al., 114 S.W.2d 1023, 1024.
In its opinion, holding that it had no jurisdiction of the appeal, the Supreme Court made a statement of facts, which we adopt and make some additions thereto. The statement by the Supreme Court reads as follows:
 "This is a mechanic's lien cause under section 3180 et seq., R.S. 1929, Mo.St.Ann. § 3180 et seq., p. 5008 et seq. Plaintiff and 15 other mechanic's lien claimants were each given a lien on the property described, and in the amount of each respective claim, but appellant, T.D. Bryant (generally referred to hereinafter as Bryant), was given only a personal judgment against the trustees of the owner (see infra), and was denied a mechanic's lien `for the reason (as stated in the judgment of the court) that the mechanic's lien statement of said T.D. Bryant is not a just and true account of the demand due him and is insufficient to support a mechanic's lien and for that reason he has failed to take the steps required by law to establish the same.'
 "Bryant filed a motion for a new trial which was overruled and he appealed, but he filed no bill of exceptions, hence there is nothing here except the record proper. And it is contended that appellant has not brought up the entire record proper, and has attempted to bring up matters of exception when there was no bill of exceptions filed. Plaintiff and other respondents have filed here a motion to dismiss the appeal, which motion was taken with the case.
 "Bryant did not set out in his abstract the judgment in full, but a certified copy of the complete judgment sent up by the clerk of the trial court is before us. From this, and appellant Bryant's answer or intervening petition, the following facts appear: On or prior to April 4, 1930, the owner of the property, the Gate City Building Corporation, commenced the erection of a new 11-story hotel and apartment building on lots (in Kansas City) upon which, including the unfinished building, the mechanics' liens were sought and obtained, except as to Bryant. The name of the new building was to be Clyde Manor Apartments and the construction continued until abandoned by the owner in the latter part of January, 1931. On June 16, 1930, the owner executed a deed of trust on the property to the Metropolitan Bank Trust Company and J. Kenneth Edlin, trustees (who were defendants), to secure bonds, payable to bearer, in the sum of $650,000, and the *Page 546 
coupons. (The holders of the bonds were designated as unknown defendants and served by publication.) July 10, 1930, Bryant and the owner entered into a contract whereby Bryant was to do certain concrete work (furnishing material and labor) on the building.
 "It appears on Bryant's mechanic's lien account that it was filed in the office of the clerk of the circuit court on February 18, 1931, but it is contended that this account (required to be filed by section 3161, R.S. 1929, Mo.St.Ann. § 3161, p. 4986) is not before us, because not a part of the record proper. However, there is no claim that this filing (if the account can be considered) was not in due time. Neither is there any claim that Bryant did not file his intervening petition in due time.
 "The court found as to Bryant that the `Gate City Building Corporation, at the time alleged in the answer and cross petition of defendant T.D. Bryant, contracted with him as alleged in his separate pleading herein, for the performance of work and labor upon and for the purchase of materials for use in the erection and construction of such improvements upon said real estate; that said T.D. Bryant performed his contract, as far as could be done, until said Gate City Building Corporation stopped further work on said building, and a portion of the materials and work and labor for which he claims a mechanic's lien herein was actually furnished and used and done and performed upon said real estate in the erection and construction of said improvements, and although the said T.D. Bryant is entitled to a personal judgment as prayed for in his separate answer and cross petition, he is not entitled to a mechanic's lien herein, and is removed and excluded from the classification of mechanic's lien claiming defendants as the term is used herein,' for the reason as above stated.
 "The court further found that there was `due and owing' Bryant $14,527.87, which, plus interest, amounted to $18,288.17, and that this sum was due from defendants Alfred G. Saenger et al., trustees, formerly the president and board of directors of the Gate City Building Corporation, which was dissolved as a corporation January 1, 1932. Bryant's account filed with the clerk February 18, 1931, is a kind of summary, not in detail. It shows a balance due Bryant, not including interest, of $14,527.87. Bryant designated the balance due as `Due and lienable amount.' There was indorsed on the account at its end, this: `Approved January 15, 1931, Gate City Building Corp., W.D. Snyder, Agent.' And from the recitals in the judgment, there was no question on Snyder's authority to approve the account. Also, it was found in the judgment that `under and pursuant to the terms of said deed of trust (to Metropolitan Bank Trust Co. and Edlin, to secure the bonds) the defendant Gate City Building Corporation became and acted as the agent of and for the trustees named in said deed of trust and the owners and holders of the bonds and other parties secured thereby in connection with the erection and construction of such improvements upon said real estate.'"
It might be further stated that the character of the contract entered into between Bryant and the Gate City Building Corporation was "to complete concrete frame work" of the building for a lump sum of $75,000. It appears that the plaintiff and 15 other lien claimants were granted claims amounting to about $48,000 and that the Chancellor, in deciding that the appellant was entitled to a money judgment, expressly found "that all other issues herein should be found against said T.D. Bryant and that he is not entitled to have his claim for a mechanic's lien herein sustained." In this court it is claimed by respondents that there is nothing before us to show that the filing of the mechanic's lien account was in due time.
The cross-bill of appellant describes the mechanic's lien statement and its filing in apt terms. It also sets forth the items of the account, which included certain items alleged, in the cross-bill, to be for extra work. It states that the account was shown by an itemized statement attached to the cross-bill, "marked Exhibit A and made a part hereof."
The court, in its decree found, among other things, that the building corporation and its trustees had made default in not appearing in the cause or filing any pleading therein.
It appears that there has been filed, in this court, a motion to dismiss the appeal or affirm the judgment.
The appellant has filed a motion to discharge all respondents in the case, except the original owner of the premises and the bondholders under the deed of trust, on the ground that, after the appeal reached this court a sale was had foreclosing *Page 547 
the mechanics' liens of the 16 parties to the action whose liens were allowed and, consequently, the said respondents have no further interest in the litigation.
It would appear that the appeal was taken without supersedeas which has resulted in the sale aforesaid. The motion must be overruled for the reason that, if the cause were reversed, the said 16 respondents would be obligated to make restitution to appellant. It is apparent that any restitution would be at the expense of these respondents, because the amount of their decrees, or of their respective interests in the proceeds of the sale, would be reduced to the extent that appellant's claim would be allowed. Berry v. Equitable Fire Marine Ins. Co.,317 Mo. 1119, 298 S.W. 63; Shields v. Powers, 29 Mo. 315, 317; Jones v. Hart, 60 Mo. 362, 364, 365; Hurst Automatic Switch etc. v. Trust Co. of St. Louis, 291 Mo. 54, 236 S.W. 58; Aetna Ins. Co. v. Hyde, 327 Mo. 115, 34 S.W.2d 85. The motion is overruled.
In this connection we may say that appellant's contention that said respondents have no interest in this appeal, regardless of whether there had been any foreclosure sale prior to the determination of the appeal and the final determination of the case, is without merit.
Plaintiff contends that the Chancellor, having found that the apartment was constructed in accordance with the plans, specification and contract, as far as could be done, to the point where the owner stopped the work and, having further found that the sum asked for in appellant's lien claim and in his cross-bill, was due; that the account was approved by the agent of the building company and thereby became an "account stated" and that the Chancellor, having given a personal judgment for the amount with interest, he erred in not allowing appellant's claim as a lien. It is further insisted by the appellant that we should disregard that part of the decree, stating upon what ground the lien was disallowed, which appellant contends was a mere conclusion of law. This portion of the decree reads as follows: "For the reason that the mechanic's lien statement of said T.D. Bryant is not a just and true account of the demand due him and is insufficient to support a mechanic's lien and for that reason he has failed to take steps required by law to establish the same."
It is the contention of the respondents that the mechanic's lien statement, including the account, is not before us because it is not a part of the record proper and, therefore, was improperly incorporated therein by the appellant. This appeal being solely upon the record proper, it is a serious question as to whether any part of the mechanic's lien statement is before us, although appellant claims that, at least, that part of it containing the account is a part of the record proper, under the provisions of section 802, R.S. 1929, Mo.St.Ann. § 802, p. 1053. As we feel that the question as to whether the statement is a part of the record proper does not play any crucial part in the decision of the case, we will assume, without deciding, that the whole statement is such part.
While the decree shows that the building corporation, without appellant's consent, discontinued the work on the building and that appellant complied with the terms of the contract, in so far as he was permitted to do so by it, and finds that plaintiff is entitled to recover, as a personal judgment against the building company, the amount sued for, there is no finding by the court that the account was approved by the building company, or its agent, or that the account became an account stated. Therefore, one of the elements on which appellant bases his point is not present. It is true that the account attached to the cross-bill bears the indorsement "Due and lienable amount Approved January 15, 1931 Gate City Bldg. Corp. W.D. Snyder, Agent." But even assuming that the account is a part of the record proper, in the absence of a bill of exceptions we are in no position to know whether the account was an account stated, as pleadings do not prove themselves. Crane Co. v. Smith, 187 Mo.App. 259, 261,173 S.W. 691; Boland v. Webster, 126 Mo. App. 591, 105 S.W. 34; Landers Lbr. Co. v. Short, 225 Mo.App. 416, 37 S.W.2d 981; Roland v. Gassman, Mo.App., 41 S.W.2d 198, 200.
An inference arises from the recitations in the decree that the mechanic's lien, including the account, was before the court. If we may from this assume that the mechanic's lien statement, including the account, was introduced in evidence, still we may not assume that the account was an account stated. The introduction, in evidence, of the statement and the account, *Page 548 
itself, would not necessarily show that the account was an account stated. McMillan et al. v. Ball Gunning Mill. Co.,190 Mo.App. 340, 351, 177 S.W. 315.
The mere fact that the court found that appellant was entitled to recover the amount sued for as a personal judgment against the building corporation does not, of itself, necessarily constitute a finding of sufficient facts to base an allowance of the amount as a lien. Patrick v. Abeles, 27 Mo. 184; Holekamp Lbr. Co. v. Skay, Mo.App., 65 S.W.2d 669, 672; Gill v. Harris,224 Mo.App. 717, 24 S.W.2d 673. We have examined the case of Hanenkamp v. Hagedorn, Mo.App., 110 S.W.2d 826, cited by the appellant. We do not find it to hold to the contrary.
It is claimed that the finding in the decree that plaintiff is entitled to a personal judgment against the building corporation is inconsistent with the finding "that the mechanic's lien statement of said T.D. Bryant is not a just and true account of the demand due him and is insufficient to support a mechanic's lien and for that reason he has failed to take the steps required by law to establish the same." As before stated, there might be a finding of sufficient facts to establish a personal judgment against the building corporation without justifying the allowance of a mechanic's lien. Of course, the rule is well established that "in the absence of a bill of exceptions setting forth the evidence, the appellate court has no means of knowing or reviewing the grounds upon which the lower court based its judgment, and therefore must indulge the presumption that the judgment was justified by the facts shown on the trial". Miller v. Falloon, Mo. Sup., 187 S.W. 839, 840. There may have been good and sufficient reasons for the Chancellor to have allowed the claim as a personal judgment and disallowed it as a lien claim. It may have been that the claim was not a just and true account because, although filed and introduced in evidence and claiming an aggregate amount due from the owner, it was not properly itemized or falsely stated other matters essential to a lien claim, or it may have claimed amounts actually due, but specified wrong dates, or withheld material facts, or other matters could have been shown in connection with it, depriving it of the character of a just and true account, within the meaning of section 3161, R.S. 1929, Mo.St.Ann. § 3161, p. 4986. See Holekamp Lbr. Co. v. Skay et al., supra. Then again, the appellant may have failed to take steps required by the mechanic's lien law to establish the same, in that, he did not file his mechanic's lien account within time (see Crane Co. v. Smith, supra), or comply with the other requirements in reference to the filing of such a lien. See Section 3161, R.S. 1929.
The evidence not being before us, we are in no position to pass upon the points raised by the appellant. The Chancellor may have found that the mechanic's lien statement of the appellant was not a just and true account for the reason, that on its face, it is a lumping item of the whole contract price on the one hand and credits on the other (see Rude v. Mitchell, 97 Mo. 365,11 S.W. 225), other than those items which appellant denominated as extras or "extra work". The account mentions the contract price of $75,000. It then claims items aggregating $7862.23 for "extra work" and "overhead awaiting materials". It then shows certain credits and that the amount remaining unpaid on the contract price was $20,069.87 and gives credit for unfinished work, labor and material in the sum of $5442, leaving a claimed balance of $14,527.87 due appellant.
In view of the fact that the work was not completed defendant could only recover on quantum meruit. Boisot on Mechanic's Liens, Sec. 86, 1st Ed.; Kearney v. Wurdeman, 33 Mo.App. 447; Huggins v. Hill, Mo.App., 245 S.W. 1105, 1107. That the account is not sufficient, under the circumstances, is beyond question. Rude v. Mitchell, supra; Schroeter Bros. Hdw. Co. v. Croatian Gymnastic Ass'n, 332 Mo. 440, 58 S.W.2d 995. The Missouri cases cited by the appellant, McCarthy Lbr. Constr. Co. v. Kinder et al.,206 Mo.App. 287, 225 S.W. 1024; State ex rel. v. Reynolds,288 Mo. 522, 232 S.W. 1035; and Schroeter Bros. Hdw. Co. v. Croatian Gymnastic Ass'n, 332 Mo. 440, 453, 58 S.W.2d 995, are not in point for the reason that the contracts were fully performed by the claimant in all those cases. In N.O. Nelson Mfg. Co. v. Doherty, Mo.Sup., 191 S.W. 983, cited by appellant, the owner approved the account. There is no proof that this was done in this case because there is no bill of exceptions, nor does the decree so show.
We have examined the cases of Young v. Lyman, 9 Pa. 449, and Murphy v. Bear, 240 Pa. 448, 87 A. 854, cited by *Page 549 
the appellant. In Murphy v. Bear, loc. cit. 451, 87 A. loc. cit. 856, the court said: "Since the claim was by one who contracted directly with the owner, and not by a subcontractor, it was not necessary for the plaintiff to prove his claim with the same particularity that would be required to sustain a lien filed by a subcontractor. Lee v. Burke, 66 Pa. 336; Young v. Lyman,9 Pa. 449." This is not the law in this state. Rude v. Mitchell, supra, loc. cit. 374, 11 S.W. 225. We have examined the case of Wigfield v. Akridge, 207 Ala. 560, 93 So. 612, 613. It appears from the opinion in that case that in Alabama there is a statute, Code 1907, § 4758, providing "no error in the amount of the demand * * * shall affect the lien." In stating that the lien statement in that case was admissible in evidence the court, among other statutes, cited the one quoted by us. We have no such statute in this state.
However, appellant claims that when the work on the building was stopped he had an election either to sue in quantum meruit or on the contract, and that he chose to sue on the contract. In Huggins v. Hill, supra, loc. cit. 1107, the court said: "If the owner breaches the contract whereby the contractor is prevented from completing it, then he can either sue on the contract and claim damages for the breach, or he may waive the contract and sue for the reasonable value of his work." It thus appears that the contractor has the election to sue on the contract or sue for the reasonable value of his work. However, if he sues on the contract he is confined to a recovery of damages for its breach. Of course, appellant's cross-bill, necessarily, is not based upon any theory of damages for breach of contract. Appellant makes no contention that his cause of action is based upon quantum meruit, yet it is only on such a theory that he would be entitled to a mechanic's lien, in any event. As before stated, the account is not sufficient were the cross-petition based on quantum meruit.
But aside from all of the foregoing, there being nothing before us but the record proper, the decree must be affirmed, unless it is not supported by the pleadings. Patterson v. Patterson,200 Mo. 335, 343, 98 S.W. 613. This is a proceeding in equity in every sense of the word and for every purpose. Huggins v. Hill, Mo.Sup., 236 S.W. 1051, 1053. Under such circumstances we arrive at our own conclusions as to the facts, at least, in this case, insofar as they affect the lienability of the account, and, unless the appellant assails the decree, denying him a lien, on the ground that it is not supported by the pleadings, he cannot appeal on the record proper, but must supply us with a bill of exceptions so that we can make our own findings. The findings of the Chancellor, whether conflicting or otherwise, are not binding upon us. We need not go into the reason of this statement of the law on the subject because the matter has been long settled in this state by well considered authorities. Patterson v. Patterson, supra; Pitts v. Pitts, 201 Mo. 356, 100 S.W. 1047; State ex rel. v. Jarrott, 183 Mo. 204, 81 S.W. 876; Fielder v. Fielder, Mo.App., 6 S.W.2d 968.
The judgment is affirmed.
SHAIN, P.J., concurs.
KEMP, J., not sitting.
 *Page 798