Lester WILSON (James F. Wilson, Administrator of Lester Wilson, Deceased, Substituted), Respondent,

v.

Harry A. BERNING, Appellant.

No. 29368.

St. Louis Court of Appeals.

Missouri.

July 3, 1956.

Wm. C. Bernhardt, DeSoto, for appellant.

Irvin D. Emerson, Hillsboro, for respondent.

**GEORGE P. ADAMS, Special Judge.**

This is an action against defendant-appellant, Harry A. Berning, to enforce a mechanics' lien originally instituted by one Lester Wilson. After trial and judgment in his favor, Wilson died and James F. Wilson, Administrator of his estate, respondent, was substituted as plaintiff. We shall refer to Lester Wilson as plaintiff.

Prior to May 8, 1954, under an agreement with one John Wilson, a foundation and subfloor of a small 26 ft. x 30 ft. house had been constructed on land presumably owned by defendant (although the record is silent as to the ownership of the land).

Plaintiff's evidence shows that on May 8, 1954, he and the defendant entered into a contract whereby plaintiff agreed to construct the remainder of the building on the foundation already laid for the sum of $500. It was agreed that plaintiff would furnish only the labor and defendant all materials. Defendant furnished plaintiff with a rough sketch or drawing of the floor plan to be followed in the work.

Plaintiff employed his two sons, John and James Wilson, and one John Hahn and one Null to assist him in the work, all of whom he paid.

Plaintiff proceeded to the completion of the work except the installation of the two door frames and two window frames, at which time he was unable to finish the job because of a delay in the delivery of these items. At this time plaintiff demanded payment on the contract and defendant made out a check for $150, payable to plaintiff's son, John Wilson. Plaintiff told defendant that he ought to have his name on the check. Defendant replied that he had been paying John for all of the other work that was done and that he had "just made a mistake" but that the checks cost him fifteen cents apiece and told plaintiff to let John endorse the check and "you will get your money". When the door and window frames finally arrived, plaintiff returned to finish the work and defendant refused to let him install them, saying that he was not satisfied with the job. Defendant refused to pay plaintiff the balance due him.

The making of the contract and its terms and conditions were corroborated by John Wilson who testified that defendant had asked him to build the rest of the house for him and he told defendant he didn't have time but he would bring his father to defendant and for defendant to make a "deal" with him; and that defendant did.

James Wilson and John Hahn, as well as John Wilson, testified that plaintiff paid them for the work that they did on the building.

Plaintiff, John Hahn and James Wilson testified that defendant was present all of the time that they were working on the house and plaintiff stated that defendant asked plaintiff to give him work helping on the job.

Plaintiff testified that he "put in" 157½ hours, and the others 63 hours on the job, "a total of 220½ hours put in on that job". There was no testimony as to the value per hour or otherwise of the work that plaintiff and his men did.

The testimony of the defendant was that he had not contracted or otherwise agreed with Lester Wilson for the construction of any part of the house, but that he had agreed with John Wilson for the construction of the entire building, foundation,

subfloor and the upper part; that he did not have any contract with plaintiff; that John Wilson ordered the lumber and supervised the construction; that plaintiff only "tinkered" about the job and wasn't in charge; that plaintiff wasn't active and couldn't work; that he gave plaintiff the $150 check payable to John because John was the one he contracted with and was the one he owed. Defendant denied that he was at the house during all times. Plaintiff did not pay social security taxes on the wages he paid nor withhold income tax payments.

In support of his testimony, defendant offered and the Court admitted, without objection, two letters dated in January and February of 1954, written by John Wilson, addressed to defendant, indicating that John Wilson was to do at least some work on the upper part of the structure.

Plaintiff filed his "Petition to Enforce Mechanics' Lien" in the Magistrate Court. The cause was appealed to the Circuit Court and was heard by the Court, without the aid of a jury.

The petition is in somewhat conventional form, alleging that defendant was the owner of certain real estate therein described; that defendant entered into the contract testified to by plaintiff; that on the 22nd day of June, 1954, plaintiff filed in the office of the Circuit Clerk of Jefferson County "an original lien constituting a just and true account of the demand due him" duly verified "which account was intended to be a Mechanics' Lien" against the property of defendant; and asked for a judgment against defendant in the sum of $333.50 and costs, and that said amount be adjudged a mechanics' lien against the land described in the petition. No copy of the "original lien", lien statement or account was attached to the petition. Paragraphs 4 and 5 of the petition are as follows:

"4. Plaintiff further states that at the special instance and request of Harry A.

Berning, owner as aforesaid, while he was engaged in the erection of the residence on the above described real estate, plaintiff furnished all the labor used in and upon the construction of said building, improvements and *appurtances,* the particulars all of which will appear in the following account, to-wit:

Harry A. Berning
to Lester Wilson, contractor:
Work and labor upon 26 feet by 30 feet building; completely boxed and covered with building paper; under roof; two inside *petitions* studding installed; all but two windows and two doors installed; total contract price .............. $500.00

Credits Due
Cash paid ............... 150.00
Value of unfinished labor... 16.50

Balance Due........ $333.50

"5. Plaintiff further states that all items charged in said account consists of labor, that said items were reasonably worth the amounts charged therefor at the time same were furnished, and that said items of labor were reasonably worth the sum of five hundred dollars of which there is due, after credits, to plaintiff the sum of three hundred thirty-three dollars and fifty cents."

Defendant filed what is designated as "Defendant's Motion to Dismiss and Answer" in which defendant moved the Court to dismiss the petition because it did not state facts on which relief could be granted; that it showed on its face that plaintiff had failed to comply with the requirements of the statutes as to "Workman and Materialmens liens", and that plaintiff had failed to fulfill the contract. The answer was a general denial coupled with a special denial that defendant entered into any contract with plaintiff.

The Court found in favor of plaintiff and judgment was entered for the sum of

$333.50 and a mechanics' lien adjudged against the real estate in the petition and judgment described.

After an unsuccessful motion for a new trial and the substitution of James F. Wilson, Administrator, as plaintiff, defendant appealed.

Defendant contends that plaintiff did not plead nor prove the necessary steps to perfect a lien and that he submitted the case on quantum meruit without making proof of the reasonable value of plaintiff's work or that of his men.

Plaintiff does not answer defendant's latter contention but seeks to avoid the former on the assertion that the pleadings set forth that there was on file in the "records of the Circuit Court in said cause a verified statement of mechanics' lien; that judge so sitting as a trier of the facts and law was entitled to take judicial notice of his own records", and that the point was not raised in defendant's motion for new trial.

■ In his motion for a new trial, defendant claimed error because, among other things, plaintiff did not "plead or prove a just and true account filed with the Circuit Clerk as required by Section 429.080 Revised Statutes of Missouri 1949." This was sufficient to preserve defendant's point.

■ On this appeal we "review the case upon both the law and the evidence" and giving "due regard" to the trial court's opportunity to judge the credibility of the witnesses, arrive at our own conclusions on the facts, and will not disturb the judgment unless clearly erroneous. Section 510.310, subd. 4, RSMo 1949, V.A.M.S.; E. C. Robinson Lumber Co. v. Ladman, Mo. App., 255 S.W.2d 72, 76(3, 4); Herrold v. Hart, Mo.Sup., 290 S.W.2d 49, 55(2–5).

■ A review of the evidence convinces us that plaintiff and defendant entered into a contract for the construction of the upper part of the house in question and that defendant breached the contract by refusing to permit plaintiff to complete the work. Plaintiff thereupon had his election to sue for damages for the breach of the contract or to waive the contract and sue on quantum meruit for the reasonable value of his labor and that of the men he hired. Oliver L. Taetz, Inc., v. Groff, 363 Mo. 825, 253 S.W.2d 824, 828(3); Rodgers v. Levy, Mo.App., 199 S.W.2d 79, 82(6); Fuhler v. Gohman & Levine Const. Co., 346 Mo. 588, 142 S.W.2d 482, 484(1); Huggins v. Hill, Mo.App., 245 S.W. 1105, 1107(1); Rust Sash & Door Co. v. Bryant, Mo.App., 124 S.W.2d 544, 549(13). If he sued in quantum meruit he was entitled to a mechanics' lien, Rust Sash & Door Co. v. Bryant, supra, 548(9); Fuhler v. Gohman & Levine Const. Co., supra, provided he had taken the necessary steps to perfect such a lien.

■ Plaintiff did not base his cause of action on damages for defendant's breach of contract. He does seek to recover the contract price less credits of $150 cash and "value of labor unfinished", $16.50. This, of course, is neither damages for breach of contract nor quantum meruit. However, though inartfully drawn, the petition when considered as a whole will support a recovery on quantum meruit.

■ While the trial court found "that at the special instance and request of the defendant, plaintiff furnished all the labor used in the building described in petition, and itemized statement attached" its judgment, to be upheld, must have been based on some evidence showing the reasonable value of plaintiff's labor and that of the men he hired. There is not a scintilla of evidence of the reasonable value of the labor and the judgment in this respect was erroneous. Rodgers v. Levy, supra, 199 S.W.2d 82(7).

The cause must be reversed for still another reason, i. e., the record does not show that plaintiff complied with the statutes re-

quiring the filing of a "just and true account of the demand due him" with the Circuit Clerk. Section 429.080 RSMo 1949, V.A.M.S.

The right to establish a mechanics' lien, being purely statutory, Chapter 429, RSMo 1949, V.A.M.S.; Davidson v. Fisher, Mo.App., 258 S.W.2d 297, 301(2), unless a lien statement, in substantial compliance with the provisions of the statute, is filed as required by Section 429.080 RSMo 1949, V.A.M.S., no lien attaches. Landers Lumber & Cement Co. v. Short, 225 Mo.App. 416, 37 S.W.2d 981(1–3); Mississippi Woodworking Company v. Maher, Mo. App., 273 S.W.2d 753, 755(1).

Plaintiff in his petition alleged that a lien statement or account was filed with the Circuit Clerk. Defendant's general denial placed on plaintiff the burden of proving all facts necessary to be shown to entitle him to a lien. Landers Lumber & Cement Co. v. Short, supra. One essential fact necessary to be proven was that a proper lien claim had been filed and this could only be done by placing in evidence the lien claim itself. Landers Lumber & Cement Co. v. Short, supra.

No lien statement or account was introduced in evidence and none appears in the transcript before us. Therefore, unless we are permitted to take judicial notice, first, that a lien statement was filed with the Circuit Clerk, and second, what it contained so as to determine if it was in compliance with statutes, plaintiff has failed to sustain his burden.

In disposing of this case we need not, nor do we, decide whether the lien statement (if one was in fact filed) was such a record of which the trial court could take judicial notice. Even if it could and did take notice that a lien statement in substantial compliance with the statute was timely filed, yet we are not permitted to take judicial notice of such filing or the contents of the lien statement unless the same

is properly made a part of the record or transcript on appeal. 20 Am.Jur., Evidence, Section 86, p. 104, and Section 27, p. 55; White v. Central Dispensary and Emergency Hospital, 69 App.D.C. 122, 99 F.2d 355, 358(3–6), 119 A.L.R. 1002; Hume v. Wright, Mo.Sup., 274 S.W. 741, 744(3); Richards Brick Co. v. Wright, 231 Mo.App. 946, 82 S.W.2d 274, 279(6–8); Bohannon v. Camden Bend Drainage Dist., 240 Mo.App. 492, 208 S.W.2d 794, 800(7); McIlvain v. Kavorinos, 361 Mo. 749, 236 S.W.2d 322, 326(2–5); State ex rel. National Lead Co. v. Smith, Mo.App., 134 S.W.2d 1061, 1068(16, 17).

If plaintiff desired us notice this matter he should have "seen to it that the proper steps were taken for them (it) to have been incorporated in the record (transcript)". Bohannon v. Camden Bend Drainage Dist., supra, 208 S.W.2d 800(8).

Therefore, whether records are formally introduced in evidence, or considered by the trial judge because it is a matter of record of which he can take judicial notice, such record must be incorporated in the transcript so that the appellate court will have the exhibit before it for inspection and information. This is especially demanded where the case is before the appellate court for review de novo and it must have all the evidence before it in order to arrive at its own independent conclusions.

Pleadings do not prove themselves, School Dist. No. 80 of Christian County v. School Dist. No. R–1 of Christian County, Mo.App., 258 S.W.2d 258, 259(1), and the allegations of plaintiff's petition do not aid him. In so far as this record is concerned and so far as we know, there was no record of a lien statement for the trial judge to have taken judicial knowledge of. Walker v. Ross, Mo.App., 71 S.W.2d 124, 125(3, 4).

In support of his position that a court is entitled to take judicial notice of its own

records, plaintiff cites: "20 Am.Jur. 104, 105; Evidence Sec. 86; Custer v. Kroeger, 313 Mo. 130, 141, 280 S.W. 1035 [44 A.L.R. 1328]; Chicago Herald Co. v. Bryan, 195 Mo. 590, 595, 92 S.W. 906; Robinson v. Walker, 45 Mo. 117; Bauer v. Cabanne, 11 Mo.App. 114, 116; Pelz v. Bollinger, 180 Mo. 252, 262, 79 S.W. 146; Barth v. Kansas City El. Ry. Co., 142 Mo. 535, 548, 44 S.W. 778; Rust Sash & Door Co. v. Gate City Building Corp., 342 Mo. 206, 207–208 [114 S.W.2d 1023]; State v. Ulrich, 110 Mo. 350, 355, 19 S.W. 656." While these cases sustain the general rule that a court may take judicial notice of its own records, none of them involve the question of whether a lien statement is such a record. Neither do they involve situations calling upon an appellate court to take judicial notice of records of the lower court which are not available to the appellate court in some record or file of its own. In the Rust case, after transfer to the Kansas City Court of Appeals, it was held, 124 S.W.2d 549, "unless the appellant assails the decree, denying him a lien, on the ground that it is not supported by the pleadings, he cannot appeal on the record proper, but must supply us with a bill of exceptions so that we can make our own findings".

It should be noted in passing that there was no evidence offered showing defendant to be the owner of the premises sought to be impressed with the lien.

Defendant's answer raised the issue of plaintiff's right to a lien; his motion for new trial challenged the trial court's right to adjudge a lien because plaintiff did not prove a just and true account filed with the Circuit Clerk, and that issue has properly been kept alive by his Points and Authorities and argument in this court.

██ Defendant's complaint that the trial court should have "read and sustained" his motions to dismiss plaintiff's petition is not well taken. The petition alleged sufficient facts upon which to found

a recovery from defendant and entitle plaintiff to a lien.

The judgment is reversed and the cause remanded for a new trial.

ANDERSON, P. J., and N. T. CAVE, Special Judge, concur.